Scanned Dec 31, 2010

## *CCA Scanning Cover Sheet*



2386997

CaseNumber: WR-72,735-01
EventDate: 10/15/2009
Style 1: RAMIREZ, JOHN HENRY& MELISSA ELIZABETH LUC
Style 2:
Event code: 11.071 MOTION DISP

EventID: 2386997
Applicant first name: JOHN HENRY& MELISSA ELIZABETH LUCIO
Applicant last name: RAMIREZ
Offense:
Offense code:
Trial court case number:
Trial court name: 138th District Court
Trial court number: 320310138
County: Cameron
Trial court ID: 148
Event map code: DISPOSITION
Event description: Original Writ of Mandamus
Event description code: OR/MAN
Remarks:

☐ *Document Scanned*                    ☐ *Created or*
                                        ☐ *Appended*

*Scanned by*          *date*          *Image ID*

*Comment*

Scanned  Dec 31, 2010



**SHARON KELLER**
PRESIDING JUDGE

**LAWRENCE E. MEYERS**
**TOM PRICE**
**PAUL WOMACK**
**CHERYL JOHNSON**
**MIKE KEASLER**
**BARBARA P. HERVEY**
**CHARLES R. HOLCOMB**
**CATHY COCHRAN**
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

October 15, 2009

**LOUISE PEARSON**
CLERK
512-463-1551

**SIAN R. SCHILHAB**
GENERAL COUNSEL
512-463-1597

Hon. Manuel Banales
Presiding Judge
Fifth Administrative District of Texas
901 Leopard St., Rm. 802
Corpus Christi, TX 78401

Hon. Arturo Cisneros Nelson
Presiding Judge
138th District Court
Cameron County Courthouse
974 East Harrison
Brownsville, TX  78520

Re: Melissa Elizabeth Lucio and
John Henry Ramirez
Our Writ Nos. 72,702-01 & 72,735-01

Dear Judges:

Please be advised that this date the Court has denied without written order applicants' "Motion for Leave to File Amended Petition (Additional Party)" and "Relator's First Amended Petition for Prohibition or Mandamus Tex.R.App.P. 72.1".

Sincerely,

Sian Schilhab
General Counsel

SRS/bh

Scanned Dec 31, 2010

cc:

District Attorney
Cameron County
Armando R. Villalobos
964 E. Harrison St.
Administration Bldg., 4th Fl.
Brownsville, TX   78520

District Attorney
Nueces County
Carlos Valdez
901 Leopard, Ste. 205
Corpus Christi, TX   78401

Larry Warner
Attorney at Law
2945 Jacaranda
Harlingen, TX   78550

Melissa Elizabeth Lucio
John Henry Ramirez
c/o Larry Warner
Attorney at Law
2945 Jacaranda
Harlingen, TX   78550

Scanned Dec 31, 2010

APPLICANT  <u>MELISSA ELIZABETH LUCIO</u>     APPLICATION NOS. <u>72,702-01</u>

**MOTION FOR LEAVE TO FILE
AMENDED PETITION (ADDITIONAL
PARTY) AND RELATOR'S FIRST
AMENDED PETITION FOR PROHIBITION
OR MANDAMUS TEX.R.APP.P. 72.1        <u>XXX</u>**

DENY MOTION WITHOUT WRITTEN ORDER.

*Per Curiam*                                        10/15/09
<u>JUDGE</u>                                        <u>DATE</u>

APPLICANT  <u>JOHN HENRY RAMIREZ</u>     APPLICATION NOS. <u>72,735-01</u>

**MOTION FOR LEAVE TO FILE
AMENDED PETITION (ADDITIONAL
PARTY) AND RELATOR'S FIRST
AMENDED PETITION FOR PROHIBITION
OR MANDAMUS TEX.R.APP.P. 72.1        <u>XXX</u>**

DENY MOTION WITHOUT WRITTEN ORDER.

*Per Curiam*                                        10/15/09
<u>JUDGE</u>                                        <u>DATE</u>

Scanned Dec 31, 2010

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

**Relators' First Amended Petition for Prohibition or Mandamus TEX.R.APP.P.72.1**

\* \* \* \* \* \* \* \* \*

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 2 8 2009

Louise Pearson, Clerk

Larry Warner,
Attorney at Law
2945 Jacaranda
Harlingen, Tx 78550 8658 45
(956)544-5234
office@larrywarner.com
Website: larrywarner.com
State Bar #20871500
Attorney for Relators
Bd.Cert.,Crim.law,tbls(1983)
Member,Bar of the Supreme Court of the United States(1984)

Pursuant to TEX.R.APP.P.38.1(a), Applicant presents:

## Identity of Parties and Counsel

Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and

John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and

Larry Warner, Attorney for each of them in the noted appeals, Relators

Hon. Manuel Bañales, Presiding Judge Fifth Administrative Judicial Region
901 Leopard Street, Suite 505
Corpus Christi, Texas 78401, Respondent

Hon. Arturo Cisneros Nelson, Judge
138th District Court
Cameron County Courthouse
974 East Harrison
Brownsville, Tx 78520, Respondent

Hon. Armando Villalobos,
Cameron County District Attorney
Cameron County Courthouse,
974 East Harrison,

INITIAL BRIEF - 2

Scanned  Dec 31, 2010

Brownsville, Texas 78520
956 544 0849
Attorney for the State at Trial and on Appeal
[of Lucio] and on response to Petition for
Mandamus/Prohibition

Hon. Carlos Valdez, Nueces County District
Attorney,
Nueces County Courthouse
901 Leopard Street, Suite 505, Corpus Christi,
Texas 78401
Attorney for the State at Trial and on Appeal
[of Ramirez] and on response to Petition for
Mandamus/Prohibition

Hon. Larry Warner,
Attorney for Applicant,
2945 Jacaranda
Harlingen, Tx
(956)544-5234; 956 454 4994
State Bar # 20871500
**office@larrywarner.com**
website: larrywarner.com
Bd.Certified.,Criminal Law, Texas Board of Legal
Specialization(1983)
Member,Bar of the Supreme Court
Of the United States(1984)
Attorney for Petitioners on Petition for Mandamus
or Prohibition

Subject to the action of the Court of Criminal Appeals of Texas on
Relators' Motion for Leave to Amend:

INITIAL BRIEF - 3

The Committee on Appointment of Capital Counsel for the Fifth Administrative Region TEX.CODE CRIMINAL PROCEDURE art.26.052( c), the "local selection committee"

The members of the Committee on Appointment of Capital Counsel for the Fifth Administrative Region TEX.CODE CRIMINAL PROCEDURE art.26.052( c), the "local selection committee", as to each member, but only in that person's capacity as a member of the committee.

The members of the "local selection committee" known to Relators are:

1. Hon. Grant Jones, Attorney at law
5826 Beauvais Dr.
Corpus Christi, TX, 78414-6173

2. Hon. Mario Ramirez, Judge
332d District Court
Hidalgo County Courthouse
100 N Closner
Edinburg, TX, 78541

3. Hon. Thomas Greenwell, Judge
319th District Court
Nueces County Courthouse
901 Leopard
Corpus Christi, Tx

4. Hon. Edmund Cyganowicz,
Attorney at law
Brownsville, Tx

5. Hon. Oscar Rene Flores,

Scanned  Dec 31, 2010

Attorney at law
1308 S. 10th Ave
Edinburg, TX, 78539

6. Hon. Ben Euresti, Judge
107th District Court
Cameron County Courthouse
974 East Harrison Street
Brownsville, Tx 78520

7. Hon. Hector Rene Gonzalez
Attorney at law
2818 S Port Ave
Corpus Christi, TX, 78405-2037

8. Hon. Santiago Salinas,
Attorney at law
601 Univerisity Dr Ste 101
Fort Worth, TX, 76107

9. Hon. Richard Kendall, Judge

10. Unknown members of the "local selection committee" for the Fifth Administrative Region set up under TEX.CODE CRIM.P.art.26.052( c)

INITIAL BRIEF – 5

*Pursuant to Tex.R.App.Proc.38.1(b),Applicant provides the following table of contents:*

## TABLE OF CONTENTS

<u>PAGE</u>

IDENTITY OF PARTIES.............................. 2

TABLE OF CONTENTS.............................. 3

INDEX OF AUTHORITIES.......................... 4

STATEMENT OF CASE............................... 5

Statement of Jurisdiction.........................7

Issues presented.......................................8

     May a judge or a committee discharge appointed counsel after an attorney-client relationship has been established?

     May a local selection committee under TEX.CODE CRIM.P.art.26.052 remove an attorney from the list of counsel qualified to represent persons in capital appeals to the Court of Criminal Appeals of Texas without notice and an opportunity to be heard? Do TEX.CONST.art.I secs.13 & 19 afford protection to reputation and property under these facts?

Statement of Facts.............................9

Argument......................................13

Prayer........................................29

Verification..................................35

Appendix......................................38

*Pursuant to Tex.R.App.Proc.52.3(b), Applicant provides the following index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited:*

## INDEX OF AUTHORITIES

**CASES**                                                **PAGES**

**Davis    v.    State**,130    S.W.3d519,521-
522(Tex.App.-Dallas 2004,no pet.)

                                                             **18**


**Farris    v.    State**,712S.W.2d512,513
hn1(Tex.Crim.App.1986)

INITIAL BRIEF - 7

16

**Matter of Welfare of M.R.S.,400 N.W.2d 147(Minn.App.1987)** quoted with approval **Stearnes** at 222 hn1

17

**Ridgway v. City of Fort Worth,**243 S.W. 740 (Tex.Civ.App.-Fort Worth 1922,writ dism'd)

38,39

**Simmons v. Ware,** 920 S.W.2d 438(Tex.App.-Amarillo 1996)                    37

**Stearnes v. Clinton,**780 S.W.2d 216,217(Tex.Crim.App.1989)

15,26,28 et

**seq.,passim**

**Turner v. State,** 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

9,10,15

**TEX.CONST.art.5,sec.5( c).......................Statement of Jurisdiction**

**TEX.CONST.art.I,secs. 13 & 19............Due Course of Law        37**

Scanned Dec 31, 2010

TEX.CODE CRIM.P.art.26.052

*Pursuant to Tex.R.App.P.52.3(d), Applicant provides the following statement of the case, stating concisely the nature of the case, the course of the proceedings, and the trial court's disposition of the case:*

### STATEMENT OF THE CASE

The nature of the case is a petition for a writ of mandamus or of prohibition to compel the Presiding Judge of the Fifth Administrative Judicial Region to set aside his order removing Mr. Warner as appellate counsel in that region for persons appealing from sentences of death. It seeks the same relief against the "local selection committee" set up under TEX.CODE CRIM.P.art.26.052.

It is also a petition to prohibit the Judge of the 138th District Court of Cameron County, Arturo Cisneros Nelson, from removing Mr. Warner as attorney for Melissa Lucio on her appeal to the Court of Criminal Appeals of Texas from the judgment and sentence in that District Court. It is also a petition to place Mr. Warner again on the list of counsel to represent persons sentenced to death in the Fifth Administrative Judicial Region as

Scanned  Dec 31, 2010

noted in TEX.CODE CRIM.P.art.26.052(a).

Two judges are  respondents: Hon. Manuel Bañales is Presiding Judge of the  Fifth Administrative Judicial Region. His address is Nueces County Courthouse, 901 Leopard Street, Suite 505, Corpus Christi, Texas 78401.

Hon. Arturo Cisneros Nelson is Judge of the 138th District Court of Cameron County, Texas. His address is Cameron County Courthouse, 974 East Harrison, Brownsville, Tx 78520

Relator seeks to compel Judge Bañales to set aside his order removing Mr. Warner from the list of counsel to be appointed to represent persons on appeal from sentences of death in the Fifth Administrative Judicial Region.

Relator seeks to compel Judge Bañales to place Mr. Warner on the list of counsel to be appointed to represent persons on appeal from sentences of death in the Fifth Administrative Judicial Region.

Relator seeks to prohibit Judge Nelson from acting "on the continued representation of Defendant on her [Lucio's]Appeal by the Honorable

Larry Warner".  A hearing was had at 1 p.m. on Tuesday, September 15,

2009 in the 138th District Court of Cameron County.

Subject to the action of the Court of Criminal Appeals of Texas on

Relators' Motion for Leave to amend, the "local selection committee" for

the Fifth Administrative Region is to be made a party. The members of the

committee are to be added as parties only in their capacities as members of

that committee. Judges Mario Ramirez, Tom Greenwell, Richard Kendall,

and Ben Euresti are to be parties only as members of the "local selection

committee" and not in their capacity as judges.

Pursuant to TEX.R.APP.P.52.3, Relators present a statement of

jurisdiction:

"(c) Subject to such regulations as may be prescribed by law, the

Court of Criminal Appeals and the Judges thereof shall have the power to

issue the writ of habeas corpus, and, in criminal law matters, the writs of

mandamus, procedendo, prohibition, and certiorari. The Court and the

Scanned  Dec 31, 2010

Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments. The court shall have the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."TEX.CONST.art.5,sec.5( c)

Pursuant to TEX.R.APP.P.52.3(f), Relators state the issues presented:

May a judge discharge appointed counsel after an attorney-client relationship has been established?

May a local selection committee under TEX.CODE CRIM.P.art.26.052 remove an attorney from the list of counsel qualified to represent persons in capital appeals to the Court of Criminal Appeals of Texas without notice and an opportunity to be heard?

Pursuant to TEX.R.APP.P.52.3(g), Relators present a statement of facts:

Melissa Elizabeth Lucio, Relator here, is Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez,Relator here, is Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, is Attorney for each of them in the noted appeals. The Court of Criminal Appeals will please take judicial notice of those appeals and that Mr. Warner represents those appellants in those appeals.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v. State,** 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores,** 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State,** 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

There was a hearing "on the continued

Scanned  Dec 31, 2010

representation of Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas. (Exhibit "A", **State v. Lucio,** No.07-CR-885-B (138th District Court, Cameron Co., Tex. Sept.11,2009, mandamus filed) [Order]

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on 12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201

The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra,** at 223 hn1

The Presiding Judge of the Fifth Administrative Judicial Region has removed Mr. Warner from the

INITIAL BRIEF - 14

Scanned Dec 31, 2010

list of lawyers to be appointed to represent people on appeal to this Court who have been sentenced to death. Exhibit "B"(Verified Motion for Leave to File, p.9.)

The "local selection committee" for the Fifth Administrative Judicial Region has removed Mr. Warner as counsel for persons on direct appeal to the Court of Criminal Appeals. (Exhibit "D", Memorandum from Judge Ben Euresti as presiding judge of Cameron County to other District Judges, subject to action of Court of Criminal Appeals on Relators' Motion to Supplement the Record) Mr. Warner got no notice of the action. Mr. Warner has had no opportunity to be heard. (Affidavit in support of Petition)

Counsel has complied with the continuing education requirements set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the seminar

Scanned  Dec 31, 2010

on Development and Integration of Mitigation Evidence in Capital cases sponsored by the Administrative Office of United States Courts. Exhibit "C" (Letter to Presiding Judge, April 29, 2009) Counsel is to attend the three-day seminar on habeas and appeals in capital cases to be held in mid-November, 2009 at the Center for American and International Law in Plano, Tx. (Exhibit "B" (Verified Motion for Leave to File, p.8)

Pursuant to TEX.R.APP.P.52.3(g), Relators present argument.

## Summary

The 138th District Court does not have jurisdiction to hold a "hearing on the continued representation of Defendant [Lucio] on her Appeal". The reporter's record and the clerk's record have both been filed with the Court of Criminal Appeals. The filing of both those records with the appellate Court deprives the trial court of jurisdiction.

The Presiding Judge of the Fifth Administrative Judicial Region cannot remove appointed counsel in a capital appeal after an attorney-client relationship is established. **Stearnes v. Clinton, infra.**

The "local selection committee" cannot anymore interfere with that right than a judge can. If a judge cannot interfere with that right, neither can a committee. **Stearnes, infra**

Mr. Warner has established an attorney-client relationship with both Melissa Elizabeth Lucio and with John Henry Ramirez. Clients and Counsel object to his removal as their counsel.

INITIAL BRIEF - 17

Scanned Dec 31, 2010

Counsel has a property right in his appointment as capital appellate counsel for the Fifth Administrative Region, since he is to be paid for work done and to be done in that capacity. He ought not to be deprived of that right without due course of law. TEX.CONST.art.I,secs.13 & 19 He never got any notice of the committee's intended action. He never got any opportunity to be heard.

Appeal is an inadequate remedy, as this Court has noted in this situation; mandamus and prohibition are appropriate since there is no other effective remedy available. **Stearnes v. Clinton, infra.**

### Argument

1. The 138th District Court of Cameron County notified Mr. Warner at 2:39 p.m. on Friday, September 11, 2009 that it would hold a "hearing on the continued representation of Defendant on

Scanned Dec 31, 2010

her Appeal by the Honorable Larry Warner on the 15th day of September 2009, at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas." **(State of Texas vs. Melissa Elizabeth Lucio)** No.07-CR-885-B(138th District Court Cameron County Sept.11,2009) A verified copy of the Order is attached to this Motion and to the Petition as Exhibit "A".

2.  The 138th District Court does not have jurisdiction to remove Mr. Warner as counsel for Melissa Elizabeth Lucio.

The trial court clerk's record was filed with the Clerk of the Court of Criminal Appeals on 12/10/08, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201 An"appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties, **Huffman v.**

**State**, 479 S.W.2d 62, 68 (Tex.Cr.App.1972); **Ex parte Flores**, 537 S.W.2d 458 (Tex.Cr.App.1978)" **Turner v. State**, 733 S.W.2d 218,223 hn1 (Tex.Crim.App.1987)

The trial court reporter's record was filed with the Clerk of the Court of Criminal Appeals on 8/06/09, of which the Court of Criminal Appeals will please take judicial notice.TEX.R.EVID.201; **Turner,supra**,at 223 hn1

3. Filing of the complete record deprives the trial court of jurisdiction in Melissa Lucio's case.

> "A trial court's power to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond." **Farris v. S t a t e** , 7 1 2 S . W . 2 d 5 1 2 , 5 1 3 hn1(Tex.Crim.App.1986)

4. Melissa Elizabeth Lucio, in her capacity as Appellant in Cause No.AP 76,02 now pending in the

INITIAL BRIEF - 20

Scanned  Dec 31, 2010

Court of Criminal Appeals of Texas, objects to any attempt to remove Mr. Warner as her counsel Cause No.AP 76,02 now pending in this Court. **Stearnes v. Clinton,**780 S.W.2d 216,217(Tex.Crim.App.1989) Mr. Warner objects to being removed as counsel for Melissa Elizabeth Lucio.   This Court noted in **Stearnes:**

> "This original action has been filed by a capital murder defendant in Lubbock County. Leave to file was granted with respect to relator's allegation number one. In this allegation relator Stearnes seeks to have this Court issue a writ of mandamus directing the trial court to vacate an order removing relator's court appointed counsel from the case. ***We will address only relator's allegation number one. We will grant relief on this allegation." **Stearnes** at 217

> "[O]nce an attorney is appointed the same attorney-client relationship is established and it should be protected." **Stearnes** at 222 hn1

5. John Henry Ramirez, in his capacity as

INITIAL BRIEF - 21

Scanned Dec 31, 2010

Appellant in Cause No.AP 76,100 now pending in the Court of Criminal Appeals of Texas, objects to any attempt to remove Mr. Warner as his counsel Cause No.AP 76,100 now pending in this Court. **Stearnes v. Clinton,**780 S.W.2d 216,217(Tex.Crim.App.1989) Mr. Warner objects to being removed as counsel for John Henry Ramirez.

This Court quoted with approval:

> "An inviolate attorney-client relationship has been created and should not be arbitrarily disturbed. The fact that the county was paying for counsel does not in and of itself provide the trial court with sufficient justification for arbitrary removal of... [appointed attorney] over the objections of [client] and [attorney]." **Matter of Welfare of M.R.S.,400 N.W.2d 147(Minn.App.1987)** quoted with approval **Stearnes** at 222 hn1

6. Counsel makes the following representations of fact to the Court of Criminal Appeals. "We may accept uncontroverted representations of counsel

as evidence." **Davis v. State**,130 S.W.3d519,521-522(Tex.App.-Dallas 2004,no pet.)

   Mr. Warner was appointed capital appellate counsel for the Fifth Administrative Region. Mr. Warner has been removed as capital appellate counsel for the Fifth Administrative Region at a meeting of the committee established by TEX.CODE CRIM.P.art.26.052( c) held on May 15, 2009. Mr. Warner had discussed the facts with Attorney Hector Rene Gonzalez before filing the original Petition for Prohibition or Mandamus. Mr. Gonzalez told Mr. Warner there had been no meeting of the committee.  Yesterday, September 23, 2009, Mr. Warner spoke with Mr. Gonzalez again. Mr. Gonzalez told Mr. Warner that Mr. Gonzalez had reviewed his notes on his calendar and did now remember that there was a meeting of the committee held at the Water Street Oyster Bar in Corpus Christi. He

Scanned  Dec 31, 2010

remembered saying to the other members of the committee that it would not be fair to remove Mr. Warner without notice and an opportunity to be heard.

Counsel has complied with the requirement of continuing education set out in TEX.CODE CRIM.P.art.26.052(d)(4) by attending the following seminar:

> The Development and Integration of Mitigation Evidence in Capital Cases
> April 16-19, 2009
> Marriott Philadelphia Downtown
> Philadelphia, PA
> Contact: Chastain Smith
> Email: Chastain_Smith@ao.uscourts.gov
> PROGRAM DESCRIPTION
> This seminar has been held annually since the Supreme Court decision in **Wiggins v. Smith**, 539 U.S. 510 (2003), which recognized the ABA Guidelines as "well-defined norms" in capital defense and acknowledged the importance of the non-lawyer who compiled the mitigation evidence. Scores of federal and state reviewing courts have now cited the ABA Guidelines as a national standard in the

INITIAL BRIEF - 24

Scanned Dec 31, 2010

development of mitigation evidence, and the Supplementary Guidelines for the Mitigation Function published in 2008 have explained in detail the duties and obligations of counsel and the whole defense team in conducting a thorough social history investigation. This year's seminar will address recent advances in neuroscience and mental health, issues relating to race and culture, and how the mitigation investigation involves much more than preparation for a sentencing proceeding. Through a combination of plenaries and small groups, the seminar will explore both general and specific mitigation affecting cases in a variety of procedural postures."

Counsel mailed proof of attendance at that seminar to the Adminstrative Judge of the Fifth Administrative Region in April, 2009.

Counsel is scheduled to attend a three-day seminar at The Center for American and International Law 5201 Democracy Drive | Plano, Texas 75024-3561 in November, 2009 on post-judgment judicial proceedings, including appeals, in capital cases. The courses are:

November 11-12 Habeas: Brief Writing--for

INITIAL BRIEF - 25

Scanned Dec 31, 2010

the Defense  Plano, TX
November  13  Appellate  Training/Capital
Specific--Defense Plano, TX

7. Counsel makes the following representations to the Court of Criminal Appeals. **Davis,supra**

On Friday, September 11,2009, Miriam, the Judge's secretary in the 138th District Court of Cameron County called me about 2 p.m. and asked me for a fax number to send me an order. I gave her a number. She sent me Exhibit "A", which announces a hearing "on the continued representation of Defendant [Melissa Lucio] on her appeal by the Honorable Larry Warner" to take place "on the 15th day of September, 2009 at 1:00 p.m. in the 138th Judicial District Court, Cameron County, Texas.

I called the 138th and asked to talk to the Judge. He was unavailable. I talked to Raul, the court coordinator. Raul told me that I had been

Scanned  Dec 31, 2010

removed as capital appellate counsel for the Fifth Administrative Region and that was what the hearing was about.

Melissa's husband is on trial for injury to the same child she was convicted of murdering. She had been subpoenaed as a witness in that trial. I had filed the following:

"In the 107th District Court of Cameron County, Texas

**The State of Texas vs. Roberto Antonio Alvarez** 08-CR-1622A**Witness's Motion to Quash Subpoena and Assertion of Right Not to Be Witness Against Oneself**TO THE HONORABLE JUDGE OF SAID COURT:  Mr. Warner, Counsel for Melissa Elizabeth Lucio,moves the District Court to quash the subpoena for Melissa Elizabeth Lucio...."

I called Attorney Ed Stapleton, the lawyer for Alvarez. Mr. Stapleton told me that Rene Gonzalez, an assistant district attorney, had come to court

INITIAL BRIEF - 27

Scanned Dec 31, 2010

earlier in the day and had told the judge in that 107th District Court that "Mr.Warner had been removed as capital appellate counsel for the Fifth Administrative Region". Mr. Stapleton told me that the Judge of the 138th District Court had told Mr. Stapleton that the "Presiding Judges of the Region removed Mr. Warner as capital appellate counsel".

Mr. Rene Gonzalez, the assistant district attorney, later told me that the Judge had made that announcement, not Mr. Gonzalez.

I did represent Melissa Lucio in her capacity as witness in Alvarez' trial. She invoked her right not to be a witness against herself as noted in TEX.CONST.art.I,sec.10.

I then called Attorney Hector Rene Gonzalez of Corpus Christi. I represent John Henry Ramirez on his appeal to this Court; Mr. Gonzalez represents John Henry Ramirez on prosecutions now pending in

INITIAL BRIEF - 28

Scanned  Dec 31, 2010

the 94th District Court of Nueces County for the underlying felonies which were the basis for raising the charge to a capital one on the matter now on appeal to this Court.

Attorney Hector Rene Gonzalez is a member of the committee for the Fifth Administrative Region set out in TEX.CODE CRIM.P.art.26.052( c) & art.26.052(d)(4).

Mr. Hector Rene Gonzalez told me that the Committee had not had any meetings recently and had not had any meeting at which I was removed as capital appellate counsel.

As noted above, yesterday Mr. Gonzalez remembered the meeting and his stating to the other members of the committee that it would not be fair to remove one from the list without notice and an opportunity to be heard.

Scanned  Dec 31, 2010

The very first inkling I got of having been removed as capital appellate counsel for Melissa Lucio and for John Henry Ramirez was at 2:39 p.m. on Friday, September 11, 2009 when I got the faxed order mentioned above from the secretary at the 138th District Court. I have had no notice or opportunity to be heard whatsoever.

8. Further representations:

I have an established attorney-client relationship with John Henry Ramirez. I spent an entire day with him on two separate occasions, the most recent at the trial court's evidentiary hearing on the Motion for New Trial and the evidentiary hearing on the Bills of Exception. On each occasion I met with Mr. Ramirez face-to-face without any bars or glass between us sitting next to each other. Based on his response to my request that he discuss the operative facts and based on

INITIAL BRIEF - 30

Scanned  Dec 31, 2010

his response to my explanation of the procedure,
I am confident that he trusts me.

Mr.Ramirez accepts me and trusts me. I know
because he talked openly with me and listened to
my explanations.

I am communicating with Mr. Ramirez by letter
at the moment. He is on death row.

I have an established long-term attorney
client relationship with Melissa Elizabeth Lucio,
who is currently in the downtown Cameron County
Jail.

I attended the second stage of the trial in
person. I represent her pro bono in two matters
related to her capital case. One, noted above, is

**08-CR-**

**1622A    The State of Texas vs. Roberto Antonio Alvarez Witness's**

**Motion to Quash Subpoena and Assertion of Right Not to Be Witness**

Scanned  Dec 31, 2010

**Against Oneself,** 107th District Court, Cameron County; two, In the Child Protective Services Court, James Belton, Judge, In the Matter of the Children of Melissa Elizabeth Lucio.   Attorney Olga Barron represents Ms. Lucio's interest in the children. I represent her penal interest in not providing additional evidence in the criminal matter. I spoke to Ms. Barron four days ago. The matter continues to be postponed for further review. I appeared for Ms. Lucio at the child placement review hearing again, last week. The matter has been postponed until January 6, 2010.

I see Ms. Lucio about once a week.

She trusts me and is following my advice. After I had seen her regularly for some time she told me things that she had not told any other lawyers, not even her defense lawyers at trial, that relate to her trial and appeal.

Scanned Dec 31, 2010

Ms. Lucio accepts me and trusts me.

9. The Cameron County District Attorney's office tried once before to have me removed from representing Ms. Lucio on her appeal to the Court of Criminal Appeals. The proceeding was in the 138th District Court. She and I both objected, citing **Stearnes v. Clinton, supra.** Their challenge was rejected.

10. This Court has noted that appeal is an inadequate remedy in this situation.

> "The remedy of appeal is simply inappropriate to the situation present here. While we acknowledge that an indigent defendant has no right under the Federal or State Constitutions to have counsel of his choosing, the right-to-counsel provisions of the respective constitutions prevents the trial court from unreasonably interfering with the counsel duly appointed. Once a valid appointment has been made, the trial court cannot arbitrarily remove him as attorney of record over the objections of the defendant and counsel. Having

INITIAL BRIEF - 33

Scanned  Dec 31, 2010

appointed counsel, a criminal defendant should not be subjected to a trial and appeal process without the appointed counsel he had grown to accept and gain confidence in. The utilization of the appellate process in this situation to correct this particular ill would be too burdensome and would only aggravate the harm and most likely would result in a new trial compelling relator to again endure a trip through the system,1. FN2 creating in turn needless additional cost to the taxpayers of this state.We have the tools to right a wrong and prevent placing this relator into "appellate orbit." Simply put, under the facts of this case an appeal does not provide an adequate remedy even if it results in a reversal and new trial."**Stearnes** at 225 hn8

11. If a judge cannot remove counsel under these facts, then neither can the presiding judge of the Fifth Administrative Region and neither can the committee set up under TEX.CODE CRIM.P.art.26.052( c) and 26.052(d)(4) If one judge cannot remove counsel under these facts,

INITIAL BRIEF - 34

Scanned Dec 31, 2010

then neither can several judges, because the interest to be protected is the attorney-client relationship. If one judge cannot remove counsel under these facts, then neither can a committee, because the interest to be protected is the attorney-client relationship.

12. This hearing at 1 p.m. on September 15, 2009 in the 138th District Court restated my relationship as attorney with my client Melissa Lucio. She was present at a hearing convened by the same judge who appointed me to represent her in the first place. She told the judge she objected to my removal, trusted me, accepted me, and that I came to see her, and that I helped her in other matters, like her children.

The brief is soon to be due in Lucio. The record is 44 volumes long. I have long ago begun reading it and writing our brief.

The reporter's record is soon to be filed in John Henry Ramirez' appeal. Judge Galvan gave me an informal copy of some of the record even before the hearing on the Motion for New Trial. I have

Scanned Dec 31, 2010

been reading the record and writing the brief.

13. I spoke to Mr. Grant Jones today, September 24, 2009. Mr. Jones told me that he and Attorney Hector Rene Gonzalez were at the May 15, 2009 meeting and that they were under the impression that the matter of taking me off the list had been tabled.

14. TEX.CONST.art.I,secs.13 & 19 provide that one is entitled to due course of law before being deprived of a liberty right or a property right. Counsel in capital appeals are to be paid. One has a liberty right in his reputation. I have gotten no notice of any reason to remove me from the list of counsel approved for appointment to represent people on capital appeals to this Court. I have not had any opportunity to be heard.

TEX.CONST.art.I,sec.13 provides:

"Sec. 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."TEX.CONST.art.I,sec.13

INITIAL BRIEF - 36

Scanned Dec 31, 2010

If I am removed from the list, my reputation among the legal community will be damaged. Other lawyers will find out and wonder why. As of this date I myself do not know why the committee removed me. I have not had an opportunity to be heard.

The Seventh Court of Appeals noted that the State Constitution expressly recognizes the protection of one's reputation. **Simmons v. Ware**, 920 S.W.2d 438(Tex.App.—Amarillo 1996)

As to property, Under  section 13 and § 19 of Article I, where city commissioners, in performing their duties as representatives, make due inquiry as to eligibility and qualifications and appoint corporation counsel in good faith for period fixed by charter, incumbent secures the legal right to the office during term of appointment, unless legally removed after due charges and hearing, and

INITIAL BRIEF - 37

Scanned  Dec 31, 2010

where illegally removed courts will reinstate.

**Ridgway v. City of Fort Worth**, 243 S.W. 740

(Tex.Civ.App.-Fort Worth 1922,writ dism'd)

The only provision in TEX.CODE

CRIM.P.art.26.052 for removal appears at

26.052(d)(4) noting that

> "The committee shall remove the attorney's
> name from the list of qualified attorneys
> if the attorney fails to provide the
> committee with proof of completion of the
> continuing legal education requirements."
> ·TEX.CODE CRIM.P.art.26.052(d)(4)

As noted above, I have completed and will complete

additional cle and have furnished proof to the

committee by sending it to the Presiding Judge of

the Region.

While the appointment in **Ridgway** was for a

term, the appointment to the capital list is

continuing, as long as counsel completes cle and

notifies the committee. The import is that neither

be deprived of the property interest in the

INITIAL BRIEF - 38

appointment without due course of law.

### Conclusion and request for relief

The Court of Criminal Appeals of Texas should grant leave to file a Petition for Mandamus or Prohibition. TEX.R.APP.P.72.1

The Court of Criminal Appeals of Texas should prohibit any action resulting from the hearing in the 138th District Court had at 1pm on Sept.15,2009 because that Court lost jurisdiction once the complete record was filed with this Court.

The Court of Criminal Appeals should order Judge Bañales to vacate his order removing Mr. Warner as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order Judge Bañales to place Mr. Warner on the list set out in TEX.CODE CRIM.P.art.26.052( c)as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order the "local selection committee" for the Fifth Administrative Judicial Region to vacate its order removing Mr. Warner as capital appellate counsel for the Fifth Administrative Judicial Region.

Scanned Dec 31, 2010

The Court of Criminal Appeals should order the "local selection committee" for the Fifth Administrative Judicial Region to place Mr. Warner again on the list set out in TEX.CODE CRIM.P.art.26.052( c)as capital appellate counsel for the Fifth Administrative Judicial Region.

The Court of Criminal Appeals should order general relief.

Respectfully submitted
this September 24, 2009,

Larry Warner
Attorney at Law/Attorney for
Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784; 956 454 4992
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
T x . B d .    L e g a l
Specialization(1983)
Member of the Bar of the
Supreme Court of the United
States(1984)

INITIAL BRIEF - 40

Scanned  Dec 31, 2010

No.


In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in
Cause No.AP 76,020 now pending in this Court, and
John Henry Ramirez, Appellant in Cause No.AP
76,100 now pending in this Court, and Larry
Warner, Attorney for each of them in the noted
appeals, Relators

### Certificate of Service of Amended Petition

I certify that I will personally cause to be
delivered a true paper copy of the Amended
Petition to Hon. Armando Villalobos, District
Attorney at 974 East Harrison St., Brownsville, Tx
78520 on September 14, 2009 If I can find out his
email address, I will send those items on
September 14, 2009 and will advise the Court that
I have done that.

I certify that I sent a true copy of the Amended
Petition to 5thadmin.region@co.nueces.tx.us to the
Presiding Judge of the Fifth Administrative
Region.

I certify that I sent a true copy of the Amended
Petition to **joann.gutierrez@co.nueces.tx.us** to the
secretary for the Presiding Judge of the Fifth
Administrative Region.

I certify that I sent a true copy of the Amended
Petition to Hon. Carlos Valdez, District Attorney,
Nueces County Courthouse,901 Leopard, Corpus
Christi, Tx at the blind email on his website.

INITIAL BRIEF - 41

Scanned  Dec 31, 2010

    I certify that I will cause to be delivered a true copy of the Amended Petition as well as a true copy of the Motion for Temporary Stay to Hon. Arturo Cisneros Nelson at the Cameron Courthouse , 974 East Harrison, Brownsville, Tx on 9 14 09.

    I caused those items to be sent on September 24, 2009.

             Respectfully submitted this September 24, 2009,

             Larry Warner
             Attorney at law/Attorney for Appellants/Relators
             2945 Jacaranda Drive
             Harlingen, Texas 78550 8658 45
             956 542 4784
             email: **office@larrywarner.com**
             website: larrywarner.com
             State Bar of Tx 20871500;
             USDC,SDTX 1230(1981)
             Bd.Cert.,Crim.Law,
             T x . B d .    L e g a l Specialization(1983)
             Member of the Bar of the Supreme Court of the United States(1984)

Scanned Dec 31, 2010

No. _____

### In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

Verification of allegations of fact contained in Amended Petition for Prohibition or Mandamus TEX.R.APP.P.72.1 and verification of factual allegations in Motion for Leave to Supplement the Record

and verification of exhibits

STATE OF TEXAS

COUNTY OF CAMERON

Before me, the undersigned, appeared this day Larry Warner, well known to me, who, upon his

oath, deposed and said:

"My name is Larry Warner.

I am an attorney licensed to practice law in Texas.

I am attorney for Melissa Elizabeth Lucio and attorney for John Henry Ramirez on their respective appeals from the 138th District Court of Cameron County and the 94th District Court of Nueces County to the Court of Criminal Appeals of Texas.

I swear that all the allegations of fact in the Motion for Leave to File and all the allegations of fact in the Amended Petition for Mandamus and all the allegations of fact in the Motion for Leave to Amend and all the allegations of fact in the Motion to Supplement the Record are true within my own personal knowledge save for those made upon information and belief, which I do

Scanned Dec 31, 2010

believe to be true.

I swear that the copy of the Order Setting Hearing in cause number 07-CR-885-B is a true copy of the original. I know that because the judge's secretary, Miriam, sent me the copy by facsimile to my office in Harlingen, Tx.

I swear that the copy of the letter dated April 29, 2009 is a true copy of the original I sent to the Presiding Judge of the Fifth Region. I know it is a true copy because I prepared the letter and the cle attachment myself.

I swear that the copy of the memorandum from Judge Euresti to the other district judges of Cameron County not to appoint me in capital case is a true copy of the original. I got the original hand-to-hand from the court coordinator of the 138th District Court at the order of the Judge of that Court.

Scanned  Dec 31, 2010

Larry Warner

Attorney for Relators

SUBSCRIBED AND SWORN TO before me by Larry
Warner this September 24, 2009.

Notary Public

State of Tx

Commission exp.: 9/2/12



Norma D Warner
My Commission Expires
09/02/2012

Index to Verified Exhibits in Appendix


Exhibit A   Order setting hearing in 138 <sup>th</sup> District Court "on the

continued representation of Defendant [Lucio] on her

Appeal by the Honorable Larry Warner"

INITIAL BRIEF - 46

Exhibit B   Motion for Leave to File

Exhibit C   Exhibit  "C"  (Letter  to Presiding

Judge, April 29, 2009) re continuing legal

education


Ex."D" Memo from J. Ben Euresti to District Judges of Cameron

re not appointing Mr. Warner as appellate counsel in capital cases.


(Subject to action of Court of Criminal Appeals on Motion to

Supplement)

Scanned  Dec 31, 2010

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

## MOTION FOR LEAVE TO FILE AMENDED PETITION(ADDITIONAL PARTY)

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 2 8 2009

Louise Pearson, Clerk

Larry Warner,
Attorney at Law
2945 Jacaranda
Harlingen, Tx 78550 8658 45
(956)544-5234
office@larrywarner.com
Website: larrywarner.com
State Bar #20871500
Attorney for Relators
Bd.Cert.,Crim.law,tbls(1983)
Member,Bar of the Supreme Court of
the United States(1984)
Relator, Attorney for Relators

Scanned  Dec 31, 2010

To the Honorable Presiding Judge and the Judges of the Court of Criminal Appeals of Texas:

Relators move the Court of Criminal Appeals of Texas for leave to file an amended petition specifying additional parties and asking for additional relief, as follows:

1.   Civil   principles   govern   mandamus.   **In   re   State**,No. 01-02-00923-CV(Tex.App.–Houston[1st Dist.]Sept.5,2002,no pet.)(not selected for publication)2002 WL 2027322

2. The relevant Rules provide:

> "The object of an amendment, as contra-distinguished from a supplemental petition or answer, is to add something to, or withdraw something from, that which has been previously pleaded so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment, or to plead new matter, additional to that formerly pleaded by the amending party, which constitutes an additional claim or defense permissible to the suit."TEX.R.CIV.P.62

> "Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to

Scanned  Dec 31, 2010

operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party."TEX.R.CIV.P.62

3. Relators seek to add as a party the committee for selection of capital counsel for the Fifth Administrative Judicial Region. TEX.CODE CRIM.P.art.26.052( c) Relators seek to compel the Committee not to remove Mr. Warner as capital appellate counsel for the Fifth Administrative Judicial Region. Relators seek to compel the Committee to place Mr. Warner on the list of attorneys approved for appointment as capital appellate counsel for the Fifth Administrative Judicial Region.  Relators seek notice of the Committee's reason for removing Mr. Warner from the list of attorneys approved for appointment as capital appellate counsel for the Fifth Administrative Judicial Region.  Relators seek an opportunity to be heard on placement on or removal of Mr. Warner from the list of attorneys approved for appointment as capital appellate counsel for the Fifth Administrative Judicial Region.

Scanned  Dec 31, 2010

4. Adding the Committee as a party will not surprise the current party, the Presiding Judge of the Fifth Administrative Region, since he is a member of the Committee. TEX.R.CIV.P.62

5. A "court has no discretion to refuse leave to amend pleading unless opposing party presents evidence of surprise or prejudice, or amendment asserts new cause of action and opposing party objects." **Clade v. Larsen** 838 S.W.2d 277(Tex.App.–Dallas 1992,pet. denied) Relators' amendment merely adds an additional party, the noted Committee, in order to obtain full relief.

### Conclusion and request for relief

The Court of Criminal Appeals of Texas should allow Relators to amend to add the Committee on Capital Counsel for the Fifth Administrative Region to be joined as a party and to seek the same relief against the Committee as against the current party.

Respectfully submitted

this September 25, 2009,

Larry Warner,

INITIAL BRIEF - 4

Scanned Dec 31, 2010

Attorney at law/Attorney for
Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784; 956 454 4992
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the
Supreme Court of the United States(1984)

INITIAL BRIEF - 5

Scanned Dec 31, 2010

No.

## In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No. AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No. AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

## Certificate of Service of Amended Petition

I certify that I will personally cause to be delivered a true copy of the Amended Petition to Hon. Armando Villalobos, District Attorney at 974 East Harrison St., Brownsville, Tx 78520 on September 24, 2009 If I can find out his email address, I will send those items on September 14, 2009 and will advise the Court that I have done that.

I certify that I sent a true copy of the Amended Petition to 5thadmin.region@co.nueces.tx.us to the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Amended Petition to joann.gutierrez@co.nueces.tx.us to the secretary for the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Amended Petition to Hon. Carlos Valdez, District Attorney, Nueces County Courthouse, 901 Leopard, Corpus Christi, Tx at the blind email on his website.

I certify that I will cause to be delivered a true copy of the Amended Petition to Hon. Arturo Cisneros Nelson at the Cameron Courthouse , 974 East Harrison, Brownsville, Tx on 9 14 09.

Scanned  Dec 31, 2010

I am causing those items to be sent on September 24, 2009.

Respectfully submitted
this September 24, 2009,

Larry Warner,
Attorney at law/Attorney for
Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the
Supreme Court of the United States(1984)

INITIAL BRIEF - 7

Scanned Dec 01, 2010

COPY

No.

In the Court of Criminal Appeals of Texas

In re: Melissa Elizabeth Lucio, Appellant in Cause No. AP 76,020 now pending in this Court, and John Henry Ramirez, Appellant in Cause No. AP 76,100 now pending in this Court, and Larry Warner, Attorney for each of them in the noted appeals, Relators

Motion to Supplement the Record on Petition for Prohibition or Mandamus with verified copy of Order as to which peremptory writ is sought

\* \* \* \* \* \* \* \* \* \*

Larry Warner,
Attorney at Law
2945 Jacaranda
Harlingen, Tx 78550 8658 45
(956)544-5234
office@larrywarner.com
Website: larrywarner.com
State Bar #20871500
Attorney for Relators
Bd.Cert.,Crim.law,tbls(1983)
Member,Bar of the Supreme Court of
the United States(1984)
Relator, Attorney for Relators

To the Honorable Presiding Judge and the Judges of the Court of Criminal Appeals of Texas:

Relators move the Court of Criminal Appeals of Texas to supplement the record on Petition for Prohibition or Mandamus with a verified copy of order as to which peremptory writ is sought, as follows:

1. Attached to this Motion to Supplement as Exhibit "D" is the original of a document handed to Mr. Warner in his capacity as relator and in his capacity as attorney for relators Melissa Elizabeth Lucio and John Henry Ramirez by Raul, the court coordinator for Judge Arturo Cisneros Nelson of the 138th District Court of Cameron County.

2. Mr. Warner verifies the document as follows:

STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, THE UNDERSIGNED AUTHORITY, appeared this day Larry Warner, well known to me, who, upon his oath, deposed and said:

"My name is Larry Warner.

Scanned .Dec 31, 2010

I am Relator and attorney for Relators in this matter.

The court-coordinator for the 138th District Court of Cameron County , as directed in my presence by the Judge of that Court, personally handed me the document attached to this Motion to Supplement, hand to hand at the chambers of the 138th District Court of Cameron County.

The tenor of the document is a memorandum from the presiding judge of Cameron County to the other District Judges of Cameron County that the committee charged with qualifying attorneys to represent persons sentenced to death upon appeals to the Court of Criminal Appeals had voted that I not be appointed to such appeals. The document speaks for itself.

I know that the document attached to this motion is the original ordered to be given me by the 138th District Court because I received it personally from the court coordinator of that court.

_____

Larry Warner

SUBSCRIBED AND SWORN TO BEFORE ME by the said Larry

INITIAL BRIEF - 3

Scanned Dec 31, 2010

Warner this September 23, 2009.

Notary Public, State of Tx

Norma Martinez

Commission expires:

3. The Court should allow supplementation of the record because the Order attached to the motion is like a judgment appealed from or an order setting bail or an order holding someone in contempt. It is the order from which relief is sought.

In a mandamus proceeding, a reviewing court should consider only the evidence that was before the trial court when it made its rulings. A mandamus proceeding is not a hearing de novo on the parties' motions and responses. See **Bellair, Inc. v. Aviall of Texas, Inc.,** 819 S.W.2d 895, 898 (Tex.App.-Dallas 1991, writ denied); **Deerfield Land Joint Venture v. Southern Union Realty Co.,** 758 S.W.2d 608, 610 (Tex.App.-Dallas 1988, writ denied).

The document attached to this Motion to Supplement is the one upon

INITIAL BRIEF - 4

Scanned . Dec 31, 2010

which the Judge of the 138th District Court relied to remove Mr. Warner as counsel for Ms. Lucio.  It evidences the action of the committee on capital counsel in the Fifth Administrative Region of which Relators complain.

Conclusion and request for relief

The Court of Criminal Appeals of Texas should allow supplementation of the record with the document attached to this Motion to Supplement.

Respectfully submitted

this September 23, 2009,

Larry Warner,

Attorney    at    law/Attorney    for
Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784; 956 454 4992
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the
Supreme Court of the United States(1984)

INITIAL BRIEF - 5

Scanned . Dec 31, 2010

No.

In the Court of Criminal Appeals of Texas
In re: Melissa Elizabeth Lucio, Appellant in Cause No.AP 76,020 now

pending in this Court, and John Henry Ramirez, Appellant in Cause No.AP

76,100 now pending in this Court, and Larry Warner, Attorney for each of

them in the noted appeals, Relators

Certificate of Service of Motion to Supplement

I certify that I will personally cause to be delivered a true copy of the Motion to Supplement to Hon. Armando Villalobos, District Attorney at 974 East Harrison St., Brownsville, Tx 78520 on September 14, 2009 If I can find out his email address, I will send those items on September 14, 2009 and will advise the Court that I have done that.

I certify that I sent a true copy of the Motion to Supplement to 5thadmin.region@co.nueces.tx.us to the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Motion to Supplement to joann.gutierrez@co.nueces.tx.us to the secretary for the Presiding Judge of the Fifth Administrative Region.

I certify that I sent a true copy of the Motion to Supplement to Hon. Carlos Valdez, District Attorney, Nueces County Courthouse, 901 Leopard, Corpus Christi, Tx at the blind email on his website.

I certify that I will cause to be delivered a true copy of the Motion to Supplement to Hon. Arturo Cisneros Nelson at the Cameron Courthouse , 974 East Harrison, Brownsville, Tx on 9 14 09.

I am causing those items to be sent on September 23, 2009.

Respectfully submitted
this September 23, 2009,

INITIAL BRIEF - 6

Scanned . Dec 31, 2010

Larry Warner,
Attorney    at    law/Attorney    for
Appellants/Relators
2945 Jacaranda Drive
Harlingen, Texas 78550 8658 45
956 542 4784
email: office@larrywarner.com
website: larrywarner.com
State Bar of Tx 20871500;
USDC,SDTX 1230(1981)
Bd.Cert.,Crim.Law,
Tx.Bd. Legal Specialization(1983)
Member of the Bar of the
Supreme Court of the United States(1984)

INITIAL BRIEF - 7

Scanned . Dec 31, 2010

INITIAL BRIEF - 8

Scanned. Dec 31, 2010



## ONE HUNDRED SEVENTH JUDICIAL DISTRICT COURT
### STATE OF TEXAS

**BENJAMIN EURESTI JR.** *District Judge*
CAMERON COUNTY COURTHOUSE
974 E. HARRISON
BROWNSVILLE, TEXAS 78520
956- 544-0845

TO:     Judge Migdalia Lopez, 197th District Court
        Judge Leonel Alejandro, 357th District Court
        Judge Arturo Cisneros Nelson, 138th District Court
        Judge Janet Leal, 103rd District Court
        Judge Elia Cornejo-Lopez, 404th District Court
        Judge David Sanchez, 444th District Court
        Judge Rolando Olvera, Jr., 445th District Court

FROM:   Judge Benjamin Euresti, Jr., 107th District Court

RE:     **Death Penalty Qualified Attorney's Selection Committee**

DATE:   **May 20, 2009**

The Fifth Administrative Judicial Region of Texas Death Penalty Qualified Attorneys Selection Committee met on Friday, May 15, 2009 to discuss certain issues.

As a result of this meeting, this memo is to advise you that the committee agreed and voted not to have Larry Warner appointed on any Capital Murder Appeals until further notice.