Scanned  Dec 31, 2010

## *CCA Scanning Cover Sheet*



2417670

CaseNumber: WR-72,735-02

EventDate: 08/26/2010

Style 1: RAMIREZ, JOHN HENRY& MELISSA ELIZABETH LU(

Style 2:

Event code: WRIT RECEIVED

EventID: 2417670

Applicant first name: JOHN HENRY

Applicant last name: RAMIREZ

Offense: 29.02

Offense code: Robbery

Trial court case number: 04-CR-3453-C

Trial court name: 94th District Court

Trial court number: 321780094

County: Nueces

Trial court ID: 267

Event map code: FILING

Event description: Application for Writ of Habeas Corpus - 11.07

Event description code: WRIT

Remarks:

---

☐ *Document Scanned*                              ☐ *Created or*
                                                  ☐ *Appended*

*Scanned by*          *date*          *Image ID*

*Comment*

---

APPLICANT <u>JOHN HENRY RAMIREZ</u>        APPLICATION NO. <u>72,735-02</u>

## APPLICATION FOR
## WRIT OF HABEAS CORPUS        XXX

## ACTION TAKEN

DISMISS APPLICATION FOR WRIT OF HABEAS CORPUS WITHOUT WRITTEN ORDER.

*Per Curiam*                                            10/13/10

**JUDGE**                                                    **DATE**

Scanned  Dec 31, 2010



# PATSY PEREZ
## DISTRICT CLERK

WR-72735-02
AP-7/6/00

DISTRICT COURTS / COUNTY COURTS AT LAW
NUECES COUNTY COURTHOUSE
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
361 888-0450 FAX 361 888-0571

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 26 2010

Court of Criminal Appeals
Box 12308
Capitol Station
Austin, Texas 78711

**Louise Pearson, Clerk**

Re: Writ Of Habeas Corpus

Cause No.: 04-CR-3453-C

Dear Sir:

In accordance with the Texas Code of Criminal Procedures, enclosed is a prepared transcript based on the Writ of Habeas Corpus filed under the above cause number.

Sincerely,
Patsy Perez, District Clerk

By *Rey Garcia*
Criminal Department

Scanned Dec 31, 2010

Ex Parte

John Henry Ramirez

Application for Writ of Habeas Corpus
From _____ Nueces _____ County
_____ 94th _____ Court

TRIAL COURT WRIT NO. _____ 04-CR-3453-C

RECEIVED IN
COURT OF CRIMINAL APPEALS

## CLERK'S SUMMARY SHEET

AUG 26 2010

Louise Pearson, Clerk

APPLICANT'S NAME: **John Henry Ramirez** _____
(As reflected on the Judgment)

OFFENSE: **Capital Murder** _____
(As described on the Judgment)

CAUSE NO: **04-CR-3453-C** _____
(As reflected in Judgment)

SENTENCE: **Death Sentence** _____
(As reflected on the Judgment)

TRIAL DATE: **December 8th,2008** _____
(Date upon which sentence was imposed)

JUDGE'S NAME: **Bobby Galvan** _____
(Judge Presiding at Trial)

APPEAL NO. _____
(If Applicable)

CITATION TO OPINION: _____ S.W.2d _____
(If Applicable)

HEARING HELD: _____ YES _X_ NO
(Pertaining to the Application for Writ)

FINDINGS & CONCLUSIONS FILED: _____ YES _X_ NO
(Pertaining to the Application for Writ)

RECOMMENDATION: _____ GRANT _Dism._ DENY _____ NONE
(trial Court's recommendation regarding Application)

JUDGE'S NAME: _Bobby Galvan_ _____
(Judge presiding over habeas proceeding)

Scanned Dec 31, 2010

04CR3453-C   CAUSE NO.

| | | |
|---|---|---|
| APPLICANT | : | John Henry Ramirez |
| | | Polunsy Unit |
| ADDRESS | : | Polk County |
| | | |
| FROM | : | Patsy Perez, District Clerk |
| | | P.O. Box 2987 |
| | | Corpus Christi, Texas 78403-0450 |

ATTORNEY FOR APPLICANT:
Larry Warner
2945 Jacaranda
Harlingen, TX 78550

ATTORNEY FOR STATE:
Anna Jimenez, District Attorney
901 Leopard
Corpus Christi, Texas 78404

## INDEX

| | |
|---|---|
| Caption | 1 |
| Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 | 2 |
| State's Acknowledgment | 10 |
| State's Answer to Defendant's Application for Writ of Habeas Corpus | 11 |
| Memorandum and Order | 19 |
| State's Supplemental Answer to Defendant's Application for Writ of Habeas Corpus | 20 |
| Memorandum and Recommendation | 24 |
| Indictment | 26 |
| Charge of the Court | 29 |
| Judgment on Jury Verdict of Guilty Punishment by Jury | 41 |
| Clerk's Certificate | 46 |

Scanned  Dec 31, 2010

**THE STATE OF TEXAS**                                        §
**COUNTY OF NUECES**                                          §

In the _____94th_____ Judicial District Court of Nueces County, Texas, the Honorable
_____Robert Galvan_____ , Judge Presiding, the following proceedings were held and the
following instruments and other papers were filed in this case, to wit:

Trial Court Cause No.  ____04-CR-3453-C____

**THE STATE OF TEXAS**                    §        IN THE  __94TH__  COURT
                                          §
**VS.**                                   §
                                          §
                                          §
__John Henry Ramirez__                    §        **NUECES COUNTY, TEXAS**

1

Scanned Dec 31, 2010

**Case No. 04-CR-3453-C**
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

**NAME:**                         **JOHN HENRY RAMIREZ**

**DATE OF BIRTH:**            **JUNE 29, 1984**

**PLACE OF CONFINEMENT:**   **POLUNSY UNIT, POLK COUNTY**

**TDCJ-CID NUMBER:**   **999554**          **SID NUMBER:**   **10125447**

(1)   This application concerns (check all that apply):

    X    **a conviction**        ☐    **parole**

    X    **a sentence**        ☐    **mandatory supervision**

    ☐    **time credit**        ☐    **out-of-time appeal or petition for discretionary review**

(2)   **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

94ᵗʰ DISTRICT COURT, NUECES COUNTY, TEXAS

(3)   **What was the case number in the trial court?**

**04-CR-3453-C**

(4)   **What was the name of the trial judge?**

JUDGE  ROBERT GALVAN

2

Scanned  Dec 31, 2010

5)   Were you represented by counsel?  If yes, provide the attorney's name:

YES, RENE HECTOR GONZALEZ

(6)   What was the date that the judgment was entered?
DECEMBER 8, 2008

(7)   For what offense were you convicted and what was the sentence?

CAPITAL MURDER

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

DEATH

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
X not guilty                      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10)   What kind of trial did you have?

☐ no jury                          X jury for guilt and punishment

☐ jury for guilt, judge for punishment

(11)   Did you testify at trial?  If yes, at what phase of the trial did you testify?

☐ Yes                              ☐X no

(12)   Did you appeal from the judgment of conviction?

☐X Yes                             ☐ no

If you did appeal, answer the following questions:

3

Scanned  Dec 31, 2010

(A)   What appellate court did you appeal to?  An appeal is currently pending from the judgment of conviction and sentence to the Court of Criminal Appeals of Texas.

(B)   What is the case number?  AP-76,100

(C)   Are you represented by counsel on appeal? If yes, provide the attorney's name:

Larry Warner, Attorney at law; 2945 Jacaranda Drive; Harlingen, Tx 78550-8658-45; 956 542 4784, 956 454 4994; sbot 20871500, USDC,SDTX 1230; Board Certified, Criminal Law, Tx.Bd.Legal Specialization(1983), Member, Bar of the Supreme Court of the United States(1984); office@larrywarner.com; website: larrywarner.com

(D)   What was the decision and the date of the decision?

The appeal is pending. Appellant's brief was filed on April 8, 2010. The state's brief was due on May 8, 2010. On May 10, 2010, the state moved for an extension of time to file its brief.  The state's motion for an extension of time to file the state's brief has not been acted upon; the Court of Criminal Appeals customarily grants such a motion, extending the time to file the state's brief for 180 days from the original due date.

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

yes                          ☐ X no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?   Inapplicable; I have not filed a petition for discretionary review.

(B)   What was the decision and the date of the decision? Inapplicable; I have not filed a petition for discretionary review.

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.071 of the Texas Code of Criminal Procedure challenging *this conviction*?

4

Scanned  Dec 31, 2010

☐ Yes                    ☐ X no

**If you answered yes, answer the following questions:**

(A)   **What was the Court of Criminal Appeals' writ number?** Inapplicable; I have
      not filed an application for a post conviction writ of habeas corpus challenging
      this conviction yet. Attorney Michael Gross represents Applicant in the **11.071**
      proceedings before the Court of Criminal Appeals of Texas. That 11.071
      application is not due at this time.

(B)   **What was the decision and the date of the decision?** Inapplicable.

(C)   **Please identify the reason that the current claims were not presented and
      could not have been presented on your previous application.** Inapplicable.
      There has been no previous application.

(15)  **Do you currently have any petition or appeal pending in any other state or federal
      court?**
      ☐ XYes                    ☐ no

      **If you answered yes, please provide the name of the court and the case number:**
      The name of the court is the Court of Criminal Appeals of Texas. The number of the case
      is: No.AP-76,100,

(16)  **If you are presenting a claim for time credit, have you exhausted your
      administrative remedies by presenting your claim to the time credit resolution
      system of the Texas Department of Criminal Justice? (This requirement applies to
      any final felony conviction, including state jail felonies)**

      Inapplicable. This application for pretrial writ of habeas corpus does not present a claim
      for time credit.
      ☐ Yes                    ☐ x no

      **If you answered yes, answer the following questions:**

(A)   **What date did you present the claim?**

5

Inapplicable. This application for pretrial writ of habeas corpus does not present a claim for time credit.

**(B)      Did you receive a decision and, if yes, what was the date of the decision?**

Inapplicable. This application for pretrial writ of habeas corpus does not present a claim for time credit.

**If you answered no, please explain why you have not submitted your claim:**

Inapplicable. This application for pretrial writ of habeas corpus does not present a claim for time credit.

16a.   Do you have any other pretrial writ of habeas corpus pending challenging these indictments?

No, I do not have any other pretrial writ of habeas corpus pending in any court challenging these indictments?

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

6

Scanned Dec 31, 2010

**GROUND**

**FACTS SUPPORTING GROUND**

The state seeks to try John Henry Ramirez for the robbery of Ruby Garcia Hinojosa. Applicant The state has already punished John Henry Ramirez for the robbery of Ruby Garcia Hinojosa. In cause number      , in the 94th District Court of Nueces County, Texas, in a matter styled The State of Texas vs. John Henry Ramirez, Applicant here was indicted, tried, and convicted of capital murder and sentenced to death.

Ruby Garcia Hinojosa testified at the capital murder trial:

     5   RUBY PENA HINOJOSA ................... 9    33    17

Works at hospital. Works 12 hour shifts. Went to Whataburger about 11 pm. Two lanes, A and B. In lane nearer building. Skinny hispanic girl comes up and asks to use her cellphone. Ruby says no, go inside. Man places knife against Ruby's neck and says give me your money. Ruby says she does not have any money. Ruby pushes button to close window. Man goes to passenger side and begins banging on passenger side window with knife. Knife 5 to 6 inches long blade. Serrated.

Ruby puts car in reverse. Man and girl drive off. Ruby gives statement to Officer Kinane. Ruby leaves car for police. Gets car back 3 hrs later. Gives police written statement. Ruby ids John Henry Ramirez as man who robbed her.

The state relied on the testimony of Ruby Garcia Hinojosa to get the death sentence in the capital murder trial which has already taken place.

"the evidence only

                      32

1  points one way, folks.  The two questions that you

2  have to answer, the first Special Issue, remember the

3  future dangerousness issue, is this a chance, is this

4  a probability that he could hurt other people in the

5  future and be a danger to our society?  The evidence

6  is clearly that he could, clearly that he could.  It's

7  even evident that night.  Just think, Pablo Castro,

8  remember the defense wounds, probably fought back.  If

9  April Metting hadn't be given him the money and the

10  purse, she could have ended up the same way.  If Ruby

11  Pena hadn't been smart enough to open and close the

12  window on him, she could have ended up the same way.

7

Scanned  Dec 31, 2010

13 We might have been here with three victims instead of

14 one.

15          But Pablo Castro fought, he fought for

16 his life.  We are so lucky that April Metting and Ruby

17 Hinojosa did not become victims of himself so looking

18 at all the the evidence, both that night and his past,

19 it's clear that question should be answered yes.

20          The second question, the mitigation

21 question, is there anything based on the circumstances

22 of the offense, Defendant's character, and his

23 personal moral culpability, is there any reason that

24 sentence should be lowered to life?  Clearly the scale

25 is out balanced this way so much.  It's not even a

33

1 close call.  All this evidence shows that there's

2 nothing, nothing that mitigates that he should get a

3 life sentence instead of a death sentence.  The scales

4 of justice weigh heavily against him to the answer of

5 no."  (RR 22 31-33)

8

Scanned  Dec 31, 2010

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

## VERIFICATION

**(Complete either the Oath  Before Notary Public or the Inmate's Declaration)**

**Oath Before Notary Public**

**STATE OF TEXAS, COUNTY OF** CAMERON COUNTY  being first duly sworn,
under oath, says:  that he is the applicant in this action and knows the content of the
above application and according to the applicant's belief, the foregoing allegations of the
application are true.

By:

*Larry Warner*

Signature of Larry Warner

Attorney for Applicant,

John Henry Ramirez

SUBSCRIBED AND SWORN TO BEFORE ME this 09th  day of June, 2010

DIANA CONNER
MY COMMISSION EXPIRES
February 26, 2012

*Diana Conner*

Notary Public: Diana Conner

Commission expires:  2-26-2012

9

9

Scanned  Dec 31, 2010

NO. 04-CR-3453-C

EX PARTE                          IN THE 94TH DISTRICT COURT

                                 105TH JUDICIAL DISTRICT

JOHN HENRY RAMIREZ               NUECES COUNTY, TEXAS

The State, by and through its Assistant District Attorney hereby acknowledges receipt of a copy of the above styled and numbered Petition for Writ of Habeas Corpus under Article 11.07, V.A.C.C.P.  The State further waives the requirement that the Clerk of the Court send a copy of the petition by certified mail return receipt requested.

DATED:  6/21/2010

*Michelle Hayes by Cindy Norris*
ASSISTANT DISTRICT ATTORNEY



10

Scanned Dec 31, 2010

CAUSE NO: 04-CR-3453-C(1)

| | |
|---|---|
| EX PARTE § | IN THE DISTRICT COURT |
| § | |
| JOHN HENRY RAMIREZ § | 94TH JUDICIAL DISTRICT |
| § | |
| TDCJ-ID #999554 § | NUECES COUNTY, TEXAS |

## STATE'S ANSWER TO DEFENDANT'S
## APPLICATION FOR WRIT OF HABEAS CORPUS

Comes now, the State of Texas, by and through its Assistant District Attorney for the 105th Judicial District of Texas, and pursuant to article 11.07, section 3(b) of the Texas Code of Criminal Procedure, files its Answer to the above-referenced application for writ of habeas corpus.

### I.      Statement of the Case

Pursuant to a jury trial, the Applicant was found guilty of capital murder and sentenced to death. (Judgment). A copy of the judgment is attached as **Exhibit A.**

### II.      General Denial

The State denies generally the allegations in the present Application for Writ of Habeas Corpus, except those supported by official court records.

### III.      Motion to Dismiss

The Court of Criminal Appeals ought to dismiss the present Application for Writ of Habeas Corpus because it purports to be a post-conviction writ of habeas corpus filed under Code of Criminal Procedure article 11.07, but it is a death-penalty case. *See* TEX. CODE CRIM. PROC. Art. 11.07. By its plain language, article 11.07 does not apply in a death-penalty case. There is no jurisdiction to consider an 11.07 writ in a death-penalty case. Accordingly, the State respectfully requests that the present application for writ of habeas corpus be dismissed. *See id.*

1

## IV.   Conclusion and Prayer

For the foregoing reasons, the State asks this Court to find that the assertions contained in the State's Answer are correct and to recommend the present habeas application be dismissed for lack of jurisdiction.

Respectfully submitted,

*Michelle Hayes*

Michelle C. Hayes
State Bar No. 24036358
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
Telephone:   (361) 888-0410
Facsimile:   (361) 888-0399

THE STATE OF TEXAS,
COUNTY OF NUECES.

BEFORE ME, the undersigned authority, on this day personally appeared Michelle Chelvam Hayes, who being by me duly sworn, did on her oath depose and say that she is an attorney for the State in the above-styled proceedings, and that she has read the foregoing State's Answer and that the facts stated therein are true and correct to the best of her knowledge and belief.

*Michelle Hayes*

Michelle C. Hayes

SUBSCRIBED AND SWORN TO BEFORE ME, on the 6th day of July 2010.

CYNTHIA A NORRIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-07-2010

*Cynthia A. Norris*

Notary Public, State of Texas

2

12

Scanned Dec 31, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing State's Answer and Proposed Memorandum and Order was mailed this 6th day of July 2010, to the Applicant's attorney of record as follows:

Larry Warner
Attorney for John Henry Ramirez
2945 Jacaranda Drive
Harlingen, Texas 78550

Via Certified U.S. Mail
Return Receipt Requested

*Michelle Hayes*
Michelle C. Hayes

3

13

NO. 04-CR-3453-C

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 94TH |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| JOHN HENRY RAMIREZ | § | NUECES COUNTY, TEXAS |

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT BY JURY

### b. Synopsis of The Judgment

| | |
|---|---|
| Judge Presiding:<br>Bobby Galvan | Date Of Judgment:<br>December 8, 2008 |
| Attorney For State:<br>Mark Skurka<br>Vernon Schimmel | Attorney For Defendant:<br>Ed Garza<br>Grant Jones |
| Offense Convicted Of: Count 1: Capital Murder | Date Of Offense: July 19, 2004 |

Degree: Capital

Charging Instrument: Indictment

Plea: Not Guilty

| | |
|---|---|
| Jury Verdict: Guilty | Foreman: Jeremy Calbot |

FINDINGS ON USE OF A DEADLY WEAPON: Not Applicable

Punishment Assessed By: Jury

| | |
|---|---|
| Date Sentence Imposed: December 8, 2008 | Cost: $ 1952.79 |

Punishment And Place Of Confinement.
DEATH SENTENCE

Term Of Confinement: Death Sentence

Fine: $

Place Of Confinement: Institutional Division of The Texas Department of Criminal Justice

Date To Commence: December 8, 2008

| | |
|---|---|
| Time Credited:<br>293 Days | Total Amount of Restitution/Reparation:<br>$ |

2/20/08 - 12/8/08



STATE'S
EXHIBIT
A
14

Scanned Dec 31, 2010

THE STATE OF TEXAS v. JOHN HENRY RAMIREZ
Judgment – 04-CR-3453-C

### b. Text of Judgment

This case was called for trial on October 22, 2008.  The parties appeared and announced ready for trial.  The following attorneys appeared for the State: Mark Skurka and Vernon Schimmel. The following attorneys appeared for the defendant: Ed Garza and Grant Jones.

A jury of twelve was selected and sworn.  Two alternate jurors were also selected.  The indictment was read in the presence of the jury.  The defendant entered a plea of not guilty to the offense charged.  Evidence was submitted to the jury on the issue of guilt.  The jury received the court's charge, heard the arguments of counsel, and retired to determine its verdict.

On December 5, 2008, the jury returned the following verdict:

"We, the Jury, find the Defendant, JOHN HENRY RAMIREZ, JR., guilty of the offense of CAPITAL MURDER, as alleged in the indictment.

/S/ JEREMY CALBOT
PRESIDING JUROR"

Defendant elected to have the jury assess punishment.  Evidence was submitted on the issue of punishment.  The jury received the court's charge on the issue of punishment, heard the arguments of counsel, and retired to determine its verdict.

On December 8, 2008, the jury returned the following verdict on punishment:

### Special Issue No. 1

"Is there a probability that the defendant, JOHN HENRY RAMIREZ, JR. would commit criminal acts of violence that would constitute a continuing threat to society?
Answer:  We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "YES."

/S/ JEREMY CALBOT
Presiding Juror"

### Special Issue No. 2

"Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?
Answer:  We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is " NO."

/S/ JEREMY CALBOT
Presiding Juror"

15

Scanned Dec 31, 2010

THE STATE OF TEXAS v. JOHN HENRY RAMIREZ
Judgment — 04-CR-3453-C

    It is ordered, adjudged, and decreed by the Court in accordance with the jury's verdict, that the defendant, JOHN HENRY RAMIREZ is guilty of the offense of CAPITAL MURDER; that the defendant be punished by the DEATH PENALTY, for which let execution issue.

    The Court further finds beyond a reasonable doubt that the offense was committed on July 19, 2004.

    It being the judgment of this Court that the defendant, JOHN HENRY RAMIREZ, is guilty of the offense of Count 1 Capital Murder, and that defendant's punishment be the DEATH PENALTY. It is the order of this Court that the punishment be carried out and the defendant executed in the manner prescribed by law. The sentence is suspended until the decision of the Court of Criminal Appeals has been received by this Court. The Sheriff of Nueces County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the Institutional Division of the Texas Department of Criminal Justice to await the action of the Court of Criminal Appeals and further Orders of this Court. The Defendant is remanded to the Nueces County Jail to await transfer to the penitentiary.

    Sentence was pronounced on December 8, 2008.

    Sentence shall commence on December 8, 2008.

    It is further ordered that the defendant is given **293** DAYS CREDIT on defendant's sentence for time spent in jail in this case between the date of defendant's arrest and the date of sentencing.

    SIGNED AND ORDERED ENTERED this **8th** day of December, 2008.

BOBBY GALVAN
JUDGE PRESIDING

16

Scanned Dec 31, 2010

# IN THE DISTRICT COURT
## OF NUECES COUNTY, TEXAS
### THE ___94___ TH JUDICIAL DISTRICT COURT

THE STATE OF TEXAS

vs.                                                                    Cause No. _04 CR 3453-c_

_John Ramirez_

### SUPPLEMENT TO JUDGMENT OR ORDER



I, _Frank Bautista_ , Bailiff of the _94_ th Judicial District Court, am qualified to take fingerprints. I hereby certify that on this day I took the above print of the right thumb* of the Defendant at the time of the disposition of this cause (other than on a finding of not guilty).

Done and signed in Court on _12 - 8 - 08_

_Frank Bautista_

*Bailiff (or Deputy Sheriff)

*If Defendant has no right thumb, then the print was taken from the following finger: _____

[Form Dam 217.A5]

Scanned  Dec 31, 2010

04-CR-3453-C

IN THE 94TH DISTRICT COURT OF NUECES COUNTY, TEXAS

THE STATE OF TEXAS VS. JOHN HENRY RAMIREZ

ORDER DIRECTING THE SHERIFF OF NUECES COUNTY TO KEEP THE
DEFENDANT, JOHN HENRY RAMIREZ, IN THE NUECES COUNTY JAIL
PENDING FURTHER ORDER OF THE COURT

TO THE SHERIFF OF NUECES COUNTY, TEXAS, JAMES KAELIN::

You and all of your deputies are ORDERED to keep the defendant,  John Henry
Ramirez, in the Nueces County Jail, pending further order of this court.
The Clerk is ORDERED to transmit a certified copy of this order to the Sheriff
of  Nueces County, Texas immediately.

Signed this December 12, 2009

BOBBY GALVAN,
JUDGE PRESIDING,
94TH DISTRICT COURT
NUECES COUNTY, TEXAS



FILED

DEC 1 2 2009

PATSY PEREZ, CLERK
COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS
BY _____ DEPUTY

18

Scanned  Dec 31, 2010

CAUSE NO: 04-CR-3453-C(1)  ( *Count 1*

| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JOHN HENRY RAMIREZ | § | 94TH JUDICIAL DISTRICT |
| | § | |
| TDCJ-ID #999554 | § | NUECES COUNTY, TEXAS |

## MEMORANDUM AND ORDER

This court recommends that the Court of Criminal Appeals dismiss the present habeas application for lack of jurisdiction because it is a case in which the death sentence was imposed and the present habeas application was filed under Texas Code of Criminal Procedure Article 11.07.

The Clerk of this court is hereby ordered to certify a copy of all the papers filed in conjunction with the present application for writ of habeas corpus including a copy of this Memorandum and Order; and to transmit same to the Texas Court of Criminal Appeals, as provided by article 11.07 of the Texas Code of Criminal Procedure.

The Clerk is further ordered to send a copy of this Memorandum and Order, to the Applicant's attorney of record and to the respondent Assistant District Attorney.

SIGNED AND ENTERED on this the 16th day of August, 2010.

The Honorable Bobby Galvan
PRESIDING JUDGE

19

Scanned  Dec 31, 2010

04-CR-3453-C(1)

| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JOHN HENRY RAMIREZ | § | 94TH JUDICIAL DISTRICT |
| | § | |
| TDCJ ID # 999554 | § | NUECES COUNTY, TEXAS |

## STATE'S SUPPLEMENTAL ANSWER TO DEFENDANT'S APPLICATION FOR WRIT OF HABEAS CORPUS

Comes now the State of Texas, by and through its Assistant District Attorney for the 105th Judicial District of Texas and pursuant to article 11.07 Section 3(b) of the Texas Code of Criminal Procedure, and files its Supplemental Answer to the above-referenced application for writ of habeas corpus.

## I. Statement of the Case

John Henry Ramirez filed his Application for Writ of Habeas Corpus on June 17, 2010, to which the State filed its Answer on July 6, 2010.  In its Answer, the State argued for dismissal under the grounds that Code of Criminal Procedure article 11.07 does not apply to death penalty cases, and thus there is no jurisdiction to consider the present application.  **(State's Answer)**.  The Application is confusing as it requests relief for the felony conviction of capital murder, which prompted the State's initial Answer, but the brief submitted with the Application calls attention to counts two and three of the original indictment.  The fact that the only ground for relief alleged in the Application does not clearly state a claim exacerbates the problem.  Thus, as far as the Applicant's petition might also request relief under counts two and three of the original indictment, being untried robbery cases severed from the capital murder case, there is likewise jurisdiction to consider for those cases have not been tried and there is no final conviction regarding such.  Therefore, the State submits its Supplemental Answer further requesting

FILED - PATSY PEREZ
CLERK OF COUNTY &
DISTRICT COURTS
NUECES COUNTY, TEXAS
2010 AUG 16  P 4: 31
BY _____ DEPUTY

20

dismissal of this habeas application, insofar as it might also allege grounds for relief under counts two and three of the original indictment, as untimely filed.

## II. General Denial

The State denies generally the allegations in the present application for writ of habeas corpus, except those supported by official court records.

## IV. The Applicant's Claim is not Cognizable on Habeas Review

As has already been argued, the Applicant is not entitled to relief on count one of the original indictment because an 11.07 writ is not the proper vehicle for bringing a collateral attack on a capital case. Likewise, the Applicant is not entitled to relief under counts two or three because he has presented a case for which there is no final felony conviction. Article 11.07 § 3 provides the exclusive felony post-conviction remedy in the courts of Texas. *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983). Section 3 applies only if:

> (1) The case is a non-capital, felony case. TEX. CODE CRIM. PROC. ANN. ART. 11.07 § 1 (Vernon Supp. 2009-10).
>
> (2) The felony conviction is final. TEX. CODE CRIM. PROC. ART. 11.07 § 3(a); *Ex parte Brown*, 662 S.W.2d at 4.
>
> (3) The Applicant is confined or suffering any collateral consequence resulting from the conviction. TEX. CODE CRIM. PROC. ART. 11.07 § 3(c).

The Applicant has presented a claim for relief under counts two and three for which there is no final felony conviction. Therefore, because the Applicant has not met the requirements for presenting a claim under Article 11.07 of the Texas Code of Criminal Procedure, he is not entitled to relief and his application should be dismissed.

2

Scanned  Dec 31, 2010

## V. <u>Conclusion and Prayer</u>

For the foregoing reasons, the State respectfully asks this Court to: (1) find there are no controverted, unresolved fact issues material to the disposition of the present habeas application and that expansion of the record by an evidentiary hearing is not needed; (2) find that the assertions contained in the State's Supplemental Answer are correct; and (3) recommend dismissal of the present habeas application because the Applicant has not met the requirements for presenting a claim under Article 11.07 of the Texas Code of Criminal Procedure.

Respectfully submitted,

James Odell
State Bar No. 24063601
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
Telephone:   (361) 888-0410
Facsimile:   (361) 888-0399
ATTORNEY FOR THE STATE

3

22

Scanned Dec 31, 2010

THE STATE OF TEXAS,
COUNTY OF NUECES.

BEFORE ME, the undersigned authority, on this day personally appeared James Odell, who being by me duly sworn, did on his oath depose and say that he is an attorney for the State in the above-styled proceedings, and that he has read the foregoing State's Supplemental Answer and that the facts stated therein are true and correct to the best of his knowledge and belief.



James Odell

SUBSCRIBED AND SWORN TO BEFORE ME, on the *16th* day of August 2010.

CYNTHIA A NORRIS
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-07-2014

Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing State's Supplemental Answer was mailed this *16* day of August, 2010, to applicant's attorney of record:

Larry Warner
Attorney for John Henry Ramirez
2945 Jacaranda Drive
Harlingen, Texas 78550

Via Certified Mail, Return Receipt Requested

James Odell

4

23

Scanned Dec 31, 2010

04-CR-3453-C(1)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JOHN HENRY RAMIREZ | § | 94TH JUDICIAL DISTRICT |
| | § | |
| TDCJ ID # 999554 | § | NUECES COUNTY, TEXAS |

## MEMORANDUM AND RECOMMENDATION

Having examined the present habeas application and the record in this case, the Court finds there are no previously unresolved fact issues material to the legality of the Applicant's confinement. Accordingly, the Court finds there is no need for an evidentiary hearing or expansion of the record because there is ample evidence in the record to dispose of the present Application for Writ of Habeas Corpus.

The Court finds the assertions in the State's Supplemental Answer are correct, and that the Applicant has failed to satisfy the requirements of Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.07 (Vernon Supp. 2009-10). Accordingly, this Court recommends the present habeas application be DISMISSED.

SIGNED AND ENTERED on this the 16th day of August, 2010.

The Honorable Bobby Galvan
PRESIDING JUDGE

24

Scanned Dec 31, 2010

04-CR-3453-C(1)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| JOHN HENRY RAMIREZ | § | 94TH JUDICIAL DISTRICT |
| | § | |
| TDCJ ID # 999554 | § | NUECES COUNTY, TEXAS |

## ORDER

The Court directs the Clerk of this Court to file its Memorandum and Recommendation and to transmit it along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

The Clerk of this Court is further ordered to send a copy of its Memorandum and this Order to the Applicant and to the appellate section of the Nueces County District Attorney's Office.

SIGNED AND ENTERED on this the 16th day of August, 2010.

The Honorable Bobby Galvan
PRESIDING JUDGE

2

25

Scanned  Dec 31, 2010

RAM    H  JOHN   HENRY
SID  10125447   DOB: 06/29/1984
COUNT I//CAPITAL MURDE;#   102
1,000,000.00 BOND;

JOHN HENRY RAMIREZ, JR.
FBI NO.   59358EC7
DPS NO.   TX07281697
D.O.B.    6-29-84
DATE OF ARREST:
ARRESTING AGENCY
BOND: *1,000,000⁰⁰*   BY:

NO. 04-CR-3453-#C

THE STATE OF TEXAS VS. **JOHN HENRY RAMIREZ, JR.**

| | | |
|---|---|---|
| CHARGE: | COUNT | 1 CAPITAL MURDER |
| | COUNTS | 2 & 3 AGGRAVATED ROBBERY |
| | COUNT | 4 EVADING ARREST |
| STATUTE: | COUNT | 1 TEXAS PENAL CODE SECTION 19.03 |
| | COUNTS | 2 & 3 TEXAS PENAL CODE SECTION 29.03 |
| | COUNT | 4 TEXAS PENAL CODE SECTION 38.04 |
| DEGREE: | COUNT | 1 CAPITAL |
| | COUNTS | 2 & 3 FIRST DEGREE |
| | COUNT | 4 STATE JAIL FELONY |
| COURT: | _____ | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Nueces County, Texas, presents in the District Court of Nueces County, Texas, that

COUNT 1

JOHN HENRY RAMIREZ, JR., defendant,

on or about JULY 19, 2004, in Nueces County, Texas, did then and there intentionally cause the death of an individual, PABLO CASTRO, by STABBING PABLO CASTRO WITH A KNIFE while in the course of committing or attempting to commit the offense of ROBBERY of PABLO CASTRO,

And the Grand Jury further presents on the issue of punishment that the defendant during the commission of the offense use and exhibited the knife and that the knife was a

26

**Scanned Dec 31, 2010**

deadly weapon because in the manner of its use and intended use it was capable of causing death and serious bodily injury

COUNT 2

JOHN HENRY RAMIREZ, JR., defendant,

on or about JULY 19, 2004, in Nueces County, Texas, did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property intentionally and knowingly threaten APRIL METTING with and place APRIL METTING in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a knife, which in the manner of its use and intended use was capable of causing death and serious bodily injury,

COUNT 3

JOHN HENRY RAMIREZ, JR., defendant,

on or about JULY 19, 2004, in Nueces County, Texas, did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property intentionally and knowingly threaten RUBY PENA with and place RUBY PENA in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a knife, which in the manner of its use and intended use was capable of causing death and serious bodily injury,

COUNT 4

JOHN HENRY RAMIREZ, JR., defendant,

on or about JULY 19, 2004, in Nueces County, Texas, did then and there, while using a vehicle, intentionally flee from JAMES GRAY, a person JOHN HENRY RAMIREZ, JR., knew was a peace

Scanned  Dec 31, 2010

officer who was Attempting to lawfully arrest or detain JOHN
HENRY RAMIREZ, JR.,

against the peace and dignity of the State.



FOREMAN OF THE GRAND JURY

Scanned  Dec 31, 2010

NO. 04-CR-3453-C

STATE OF TEXAS VS. JOHN HENRY RAMIREZ, JR.
IN THE 94TH DISTRICT COURT
NUECES COUNTY, TEXAS

### CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, JOHN HENRY RAMIREZ, JR. stands charged by indictment with the offense of CAPITAL MURDER, alleged to have been committed on or about the 19th day of July, 2004, in Nueces County, Texas.  The defendant has pleaded not guilty.

1.

A person commits Capital Murder if he intentionally or knowingly causes the death of an individual in the course of committing or attempting to commit Robbery.

2.

A person commits the offense of Robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he (1) intentionally, knowingly or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

3.

A person commits the offense of Theft if he unlawfully appropriates property with intent to deprive the owner of the property.  Appropriation of property is

unlawful if it is without the owner's effective consent.

4.

"Attempt" means to commit an act with specific intent to commit an offense where the act committed amounts to more than mere preparation but fails to effect the commission of the offense intended.

"Individual" means a human being who is alive including an unborn child at every stage of gestation from fertilization to birth.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means a bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

"Appropriation" means and "appropriate" mean to acquire or otherwise exercise control over property other than real property.

"Property" means tangible or intangible personal property or any document, including money, that represents or embodies a thing of value.

"Deprive" means to withhold property from the owner permanently.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception, coercion, force or threats.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

"Possession" means actual care, custody, control or management of the property.

### 5.

You are instructed that under our law voluntary intoxication shall not constitute any defense to the commission of crime.

By the term "intoxication" as used herein is meant disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

### 6.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that the conduct is reasonably certain to cause the result.

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but

consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the defendant's standpoint.

7.

A person is criminally responsible if the result would not have occurred but for his conduct.

8.

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 19th day July, 2004, in Nueces County, Texas, the defendant, JOHN HENRY RAMIREZ, JR., did then and there intentionally or knowingly cause the death of an individual, Pablo Castro, by stabbing Pablo Castro with a knife while in the course of committing or attempting to commit the offense of Robbery of Pablo Castro, then you will find the defendant, JOHN HENRY RAMIREZ, JR., guilty of Capital Murder as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you shall next consider the lesser-included offense of Murder.

9.

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about the 19th day July, 2004, in Nueces County, Texas, the defendant, JOHN HENRY RAMIREZ, JR., did then and there intentionally or knowingly cause the death of an individual, Pablo Castro, by stabbing Pablo Castro with a knife, but do not believe or have a reasonable doubt that it was in the course of committing or attempting to commit robbery, then you will find the defendant, JOHN HENRY RAMIREZ, JR., guilty of the lesser included offense of Murder.

Unless you find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

10.

If you should find from the evidence beyond a reasonable doubt that the defendant is either guilty of Capital Murder or Murder, but you have a reasonable doubt as to which offense he is guilty, then you should resolve that doubt in defendant's favor, and in such event, you will find the defendant guilty of the lesser offense of Murder.

If you have a reasonable doubt as to whether defendant is guilty of any offense defined in this charge, then you should acquit the defendant and say by your verdict "Not Guilty."

Scanned Dec 31, 2010

11.

You are instructed that an "accomplice," as the term is here used, means anyone connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense, and whether or not they were present and participated in the commission of the crime. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct or another for which he is criminally responsible, or by both. Mere presence alone, however, will not constitute one a party to an offense.

A person is criminally responsible for an offense committed by the conduct on another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, or aids or attempts to aid the other person to commit the offense. The term "conduct" means any act or omission and its accompanying mental state.

A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration

is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

You are further instructed that accomplice witnesses can not corroborate each other.

You are further instructed that mere presence of the accused in the company of an accomplice witness shortly before or after the time of the offense, if any, is not, in itself, sufficient corroboration of the accomplice witness' testimony.

You are further instructed that while the testimony of an accomplice must be corroborated by proof that tends to connect the defendant to the crime, the defendant's knowledge or intent may be established by the uncorroborated testimony of the accomplice.

You are charged that Christina Chavez was an accomplice if any offense was committed, and you are instructed that you cannot find the defendant guilty upon the testimony of Christina Chavez unless you first believe that the testimony of the said Christina Chavez is true and that it shows the defendant is guilty as charged in the indictment;  and even then you cannot convict the defendant, JOHN HENRY RAMIREZ, JR., unless you further believe that there is other evidence in this case, outside the evidence of said Christina Chavez, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the

defendant is guilty.

### 12.

You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the identity, motive, opportunity, intent, or plan, of the defendant, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

### 13.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

### 14.

At this stage of the trial, the jury will restrict its deliberations solely to the issue of guilt or innocence.

15.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

16.

The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty".

17.

The jury is the exclusive judge of the facts proved, of the credibility of the witnesses, and of the weight to be given their testimony. In deciding the question of guilt or innocence, the jury shall be governed by the law as it is stated in this charge.

18.

After entering the jury room, the jury must first select a presiding juror. The presiding juror presides over the deliberations, speaks for the jury when it wishes to communicate with the Court, and votes with the jury on the issues before it. Any verdict reached must be unanimous. Verdict Forms applicable to this case are attached to the charge. If a verdict is reached, it will be indicated by the presiding juror signing his or her name to the appropriate Verdict Form. Place your verdict on the page containing verdict forms.

During the deliberations, the jury may not:

(1) communicate with anyone except the Court or the officer in charge of the jury;

(2) separate for any purpose without permission of the Court;

(3) discuss the case except with each other in the privacy of the jury room; or

(4) consider or discuss matters not in evidence including personal knowledge or information about any fact or person connected with the case.

Communications to the Court must be in writing. Written communications from the jury will be delivered to the Court by the officer in charge of the jury.

After the arguments of counsel, the jury will go to the jury room to begin its deliberations.

DATE: 12/5/08

BOBBY GALVAN
JUDGE PRESIDING

NO. 04-CR-3453-C

STATE OF TEXAS VS. JOHN HENRY RAMIREZ, JR.
IN THE 94TH DISTRICT COURT
NUECES COUNTY, TEXAS

## VERDICT FORMS

**USE ONLY ONE FORM:**

We, the Jury, find the Defendant, JOHN HENRY RAMIREZ, JR., guilty of the offense of CAPITAL MURDER, as alleged in the indictment.

_____
PRESIDING JUROR

**OR**

We, the Jury, find the Defendant, JOHN HENRY RAMIREZ, JR., guilty of the lesser included offense of MURDER.

_____
PRESIDING JUROR

**OR**

We, the Jury, find the Defendant, JOHN HENRY RAMIREZ, JR., not guilty.

_____
PRESIDING JUROR

40

Scanned  Dec 31, 2010

## NO. 04-CR-3453-C

| THE STATE OF TEXAS | § | IN THE 94 TH |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| JOHN HENRY RAMIREZ | § | NUECES COUNTY, TEXAS |

### JUDGMENT ON JURY VERDICT OF GUILTY
### PUNISHMENT BY JURY

#### b. Synopsis of The Judgment

| Judge Presiding: Bobby Galvan | Date Of Judgment: December 8, 2008 |
| Attorney For State: Mark Skurka Vernon Schimmel | Attorney For Defendant: Ed Garza Grant Jones |
| Offense Convicted Of:  Count 1: Capital Murder | Date Of Offense:  July 19, 2004 |

Degree:  Capital

Charging Instrument:  Indictment

Plea:  Not Guilty

| Jury Verdict: Guilty | Foreman:  Jeremy Calbot |

FINDINGS ON USE OF A DEADLY WEAPON:  Not Applicable

Punishment Assessed By: Jury

| Date Sentence Imposed:  December 8, 2008 | Cost: $ 1952.79 |

Punishment And Place Of Confinement.
DEATH SENTENCE

Term Of Confinement:  Death Sentence

Fine: $

Place Of Confinement:  Institutional Division of The Texas Department of Criminal Justice

Date To Commence:  December 8, 2008

| Time Credited: 293 Days | Total Amount of Restitution/Reparation: $ |

2/20/08 - 12/8/08

SCANNED

41

Scanned Dec 31, 2010

THE STATE OF TEXAS v. JOHN HE▬RAMIREZ
Judgment – 04-CR-3453-C

### b. Text of Judgment

This case was called for trial on October 22, 2008. The parties appeared and announced ready for trial. The following attorneys appeared for the State: Mark Skurka and Vernon Schimmel. The following attorneys appeared for the defendant: Ed Garza and Grant Jones.

A jury of twelve was selected and sworn. Two alternate jurors were also selected. The indictment was read in the presence of the jury. The defendant entered a plea of not guilty to the offense charged. Evidence was submitted to the jury on the issue of guilt. The jury received the court's charge, heard the arguments of counsel, and retired to determine its verdict.

On December 5, 2008, the jury returned the following verdict:

"We, the Jury, find the Defendant, JOHN HENRY RAMIREZ, JR., guilty of the offense of CAPITAL MURDER, as alleged in the indictment.

/S/ JEREMY CALBOT
PRESIDING JUROR"

Defendant elected to have the jury assess punishment. Evidence was submitted on the issue of punishment. The jury received the court's charge on the issue of punishment, heard the arguments of counsel, and retired to determine its verdict.

On December 8, 2008, the jury returned the following verdict on punishment:

### Special Issue No. 1

"Is there a probability that the defendant, JOHN HENRY RAMIREZ, JR. would commit criminal acts of violence that would constitute a continuing threat to society?
Answer: We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "YES."

/S/ JEREMY CALBOT
Presiding Juror"

### Special Issue No. 2

"Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?
Answer: We, the jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is " NO."

/S/ JEREMY CALBOT
Presiding Juror"

42

Scanned Dec 31, 2010

THE STATE OF TEXAS v. JOHN HENRY RAMIREZ
Judgment — 04-CR-3453-C

It is ordered, adjudged, and decreed by the Court in accordance with the jury's verdict, that the defendant, JOHN HENRY RAMIREZ is guilty of the offense of CAPITAL MURDER; that the defendant be punished by the DEATH PENALTY, for which let execution issue.

The Court further finds beyond a reasonable doubt that the offense was committed on July 19, 2004.

It being the judgment of this Court that the defendant, JOHN HENRY RAMIREZ, is guilty of the offense of Count 1 Capital Murder, and that defendant's punishment be the DEATH PENALTY. It is the order of this Court that the punishment be carried out and the defendant executed in the manner prescribed by law. The sentence is suspended until the decision of the Court of Criminal Appeals has been received by this Court. The Sheriff of Nueces County, or an authorized agent of the State of Texas, is hereby ordered to deliver defendant to the Institutional Division of the Texas Department of Criminal Justice to await the action of the Court of Criminal Appeals and further Orders of this Court. The Defendant is remanded to the Nueces County Jail to await transfer to the penitentiary.

Sentence was pronounced on December 8, 2008.

Sentence shall commence on December 8, 2008.

It is further ordered that the defendant is given 293 DAYS CREDIT on defendant's sentence for time spent in jail in this case between the date of defendant's arrest and the date of sentencing.

SIGNED AND ORDERED ENTERED this 8th day of December, 2008.

BOBBY GALVAN
JUDGE PRESIDING

43

Scanned Dec 31, 2010

IN THE DISTRICT COURT
OF NUECES COUNTY, TEXAS
THE 94ᵀᴴ JUDICIAL DISTRICT COURT

THE STATE OF TEXAS

vs.                                             Cause No. 04 CR 3453-C

John Ramirez

### SUPPLEMENT TO JUDGMENT OR ORDER



I, Frank Bautista, Bailiff of the 94ᵗʰ Judicial District Court, am qualified to take fingerprints. I hereby certify that on this day I took the above print of the right thumb* of the Defendant at the time of the disposition of this cause (other than on a finding of not guilty).

Done and signed in Court on   12 - 8 - 08

Frank Bautista
Bailiff (or Deputy Sheriff)

*If Defendant has no right thumb, then the print was taken from the following finger: _____

[Form Dist 2.17.05]

44

Scanned Dec 31, 2010

04-CR-3453-C

IN THE 94TH DISTRICT COURT OF NUECES COUNTY, TEXAS

THE STATE OF TEXAS VS. JOHN HENRY RAMIREZ

ORDER DIRECTING THE SHERIFF OF NUECES COUNTY TO KEEP THE
DEFENDANT, JOHN HENRY RAMIREZ, IN THE NUECES COUNTY JAIL
PENDING FURTHER ORDER OF THE COURT

TO THE SHERIFF OF NUECES COUNTY, TEXAS, JAMES KAELIN::

You and all of your deputies are ORDERED to keep the defendant, John Henry
Ramirez, in the Nueces County Jail, pending further order of this court.
The Clerk is ORDERED to transmit a certified copy of this order to the Sheriff
of Nueces County, Texas immediately.

Signed this December 12, 2009

BOBBY GALVAN,
JUDGE PRESIDING,
94TH DISTRICT COURT
NUECES COUNTY, TEXAS

FILED

DEC 1 2 2009

PATSY PEREZ, CLERK
COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS
BY_____DEPUTY

45

Scanned Dec 31, 2010

THE STATE OF TEXAS

COUNTY OF NUECES

I, Patsy Perez, Clerk of The District Court and County Courts at Law Of Nueces County, Texas do hereby certify that the above and foregoing proceedings, instruments and other papers contained in pages ⎰⎱⎰ Inclusive, to which this certification is attached and made a part thereof, are true and correct copies of all proceedings, instruments and other papers specified by rule 11.07(d) Texas Criminal Procedure Code and Rule, in Cause No. 04-CR-3453-C , styled The State of Texas VS John Henry Ramirez in said Court.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT OFFICE IN
CORPUS CHRISTI, TEXAS

THIS _____20th_____ DAY OF _____August_____, __2010__

PATSY PEREZ, DISTRICT CLERK
OF THE DISTRICT COURT AND COUNTY
COURTS AT LAW

NUECES COUNTY, TEXAS

BY: _____Rey Garcia Jr._____
         Rey Garcia Jr.

46