IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN HENRY RAMIREZ,<br>　　　Petitioner,<br><br>　　　　　v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. 12-CV-410<br><br>THIS IS A DEATH<br>PENALTY CASE |

**\* <u>JOHN HENRY RAMIREZ IS SCHEDULED TO BE
EXECUTED ON FEBRUARY 2, 2017</u> \***

**MOTION FOR STAY OF EXECUTION**

Petitioner, John Henry Ramirez, respectfully asks this Court to stay his execution, currently scheduled to proceed on February 2, 2017, so that he may be appointed new counsel to represent him in clemency proceedings and to investigate whether his court-appointed federal habeas counsel ineffectively defaulted substantial claims of ineffective assistance of trial counsel (IATC) while representing him as court-appointed state habeas counsel.  Mr. Ramirez has a right to meaningful representation for these purposes under 18 U.S.C. § 3599, and a stay of execution is necessary to give effect to the right.  In support of his motion, Mr. Ramirez would show as follows:

**I.**
**PROCEDURAL HISTORY AND STATEMENT OF THE RELEVANT FACTS**

John Henry Ramirez was arrested on February 20, 2008, for the capital murder of Pablo Castro, committed on July 19, 2004.  *See* Tex. Pen. Code § 19.03(a)(2).   Jury selection began eight months after Mr. Ramirez's arrest, on October 22, 2008.  At the sentencing phase of trial, and at Mr. Ramirez's request, defense counsel presented only one witness, and offered the following closing argument:  "May it please the Court and Counsel for the State and ladies and gentlemen of the jury, I'm reading from the Holy Bible, the New International [V]ersion, Psalm 51, verse 3. 'For I know my transgressions and my sin is always before me. Amen.'"  On December 8, 2008, the 94th District Court of Nueces County sentenced Mr. Ramirez to death.  The judgment was affirmed on direct appeal. *Ramirez v. State*, 2011 Tex. Crim. App. Unpb. LEXIS 183 (Tex. Crim. App. 2011) (unpublished).

Michael Gross represented Mr. Ramirez in state habeas proceedings.  He filed an application asserting five claims for relief.  The trial court granted an evidentiary hearing on three of those claims—that Mr. Ramirez was denied his federal constitutional right to a public trial; that Mr. Ramirez's due process and fair trial rights were violated by his shackling during trial; and that trial counsel rendered ineffective assistance by failing to recognize Mr. Ramirez's incompetency to waive the presentation of mitigating evidence and by failing to present additional mitigating evidence at sentencing.[1]

---

[1] The court found no contested issues of fact related to the two remaining claims:  Mr. Ramirez's absence from the courtroom during a critical juncture and that the Texas death penalty scheme is unconstitutionally vague.

2

In support of his claim that trial counsel were ineffective for failing to present mitigation evidence, Mr. Ramirez presented affidavits from family members and a clinical psychologist.  At the hearing, the State presented testimony from both trial defense counsel, two Nueces County sheriffs, and the defense-retained psychologist/mitigation investigator at trial.  Because the court took judicial notice of the family member affidavits, Mr. Gross agreed to forego presentation of family member testimony relevant to the claim the IATC claim.  He did present the testimony of psychologist Joann Murphey, state habeas mitigation investigator Gerald Byington, and Eric Perkins, an attorney in Nueces County who practiced criminal law, family law, general litigation and business law, and who had handled one death penalty trial.

The trial court signed the state's proposed findings of fact and conclusions of law four days after they were submitted—and before the defense had submitted their own.  The only claim decided on the merits was Mr. Ramirez's IATC claim, and of the six subparts to that claim, the only argument that countenanced extra-record evidence was that trial counsel were ineffective for failing to present mitigating evidence.  Notably, in recommending the denial of relief on that claim, the trial court found:

> Applicant has not raised a complaint in his present application that his trial attorneys were ineffective for failing to investigate mitigation evidence, but has instead limited his ground on mitigation evidence to a complaint that, "counsel were ineffective in failing to recognize that John [Ramirez] was unable and incompetent to direct counsel to not call any further witnesses during the punishment phase of the trial," and that "Defense counsel's performance was deficient in failing to present this mitigation testimony."  (Application pp. 113-114).

3

251671c50f4cd1fd

*Ex parte John Henry Ramirez*, Cause No. 04-CR-3453-C (Jan. 9, 2012), USDC Dkt. #14 at 12.  The trial court found that the claim was without merit.  The Texas Court of Criminal Appeals (CCA) adopted the trial court's findings, conclusions, and recommendation and denied state habeas relief on October 10, 2012.   *Ex parte Ramirez*, 2012 Tex. Crim. App. Unpub. LEXIS 1080 (Tex. Crim. App. 2012) (unpublished).

While Mr. Ramirez's state habeas application was pending, the Supreme Court issued its opinion in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  In *Martinez*, the Court announced a new equitable exception to the procedural default of IATC claims in federal court, under which the default of a claim is excused if the petitioner shows that the claim is substantial, meaning it has "some merit," and that the claim was not raised in state court because of the ineffective assistance of state habeas counsel, judged under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Martinez*, 132 S. Ct. at 1318-19.  Thus, to benefit under *Martinez*, state prisoners in federal court must allege that state habeas counsel rendered prejudicially deficient performance, and in most cases, must conduct investigations into trial counsel's performance that state habeas counsel failed to conduct.

Mr. Gross filed a motion for appointment of counsel in federal habeas pursuant to 18 U.S.C. § 3599 on October 15, 2012, seven months after *Martinez* came down.  Although the motion disclosed that he had represented Mr. Ramirez in state habeas proceedings, it asked the Court to appoint Mr. Gross.  The motion did not mention *Martinez* and did not indicate whether Gross disclosed or advised Mr.

Ramirez about the potential conflict it created or whether Mr. Ramirez waived the conflict.  Based on that motion, the Court appointed Mr. Gross.

On May 28, 2013, before Ramirez's habeas petition was filed, the Supreme Court decided *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), holding that the equitable exception to procedural default announced in *Martinez* applies to Texas state prisoners in federal habeas proceedings.  Mr. Gross did not file anything alerting the Court to the conflict of interest created by the *Martinez-Trevino* decisions at that time.  Nor does there appear in the record any indication that Mr. Ramirez ever waived the conflict.

Mr. Gross filed a habeas petition on October 9, 2013.  The federal petition re-raised the five claims Mr. Gross had raised in state habeas and presented no new claims for relief.  Mr. Gross did not seek investigative services to investigate the existence of procedurally defaulted IATC claims or his own potential ineffectiveness in defaulting those claims.  The petition did not make any mention of *Martinez* or *Trevino*.  The Director also omitted any mention of *Martinez* or *Trevino* in its answer.

In the time between the completion of briefing and this Court's order denying habeas relief, the Supreme Court and the Fifth Circuit both addressed representation questions under 18 U.S.C. § 3599 similar to Mr. Ramirez's.  First, on January 20, 2015, the Supreme Court decided in *Christeson v. Roper*, 135 S. Ct. 891 (2015), that "a significant conflict of interest arises" in federal habeas proceedings – implicating 18 U.S.C. § 3599's substitution provisions – when "an attorney's interest

5

in avoiding damage to [his] own reputation is at odds with his client's strongest argument." *Id.* at 894.  In *Christeson*, § 3599 counsel missed the filing deadline for the federal habeas petition.  Counsel did not seek equitable tolling, because, as the Supreme Court notes, "any argument for equitable tolling would be premised on their own malfeasance in failing to file timely the habeas petition." *Id.* at 892-93.  Because counsel cannot reasonably be expected to press an argument that "denigrate[s] their own performance," the Supreme Court held that Christeson was entitled to a remand and appointment of substitute, conflict-free counsel to investigate and present an equitable tolling argument.

On March 30, 2015, the Fifth Circuit decided *Mendoza v. Stephens*, 783 F.3d 203 (5th Cir. 2015), and *Speer v. Stephens*, 781 F.3d 784 (5th Cir. 2015), which presented the question whether state prisoners whose federal habeas counsel represented them in state habeas proceedings are entitled to substitute or supplemental counsel under § 3599 because "it would be a conflict of interest for [them] to now determine whether [their] state conduct was ineffective" for purposes of vindicating their clients' rights under *Martinez* and *Trevino*.  *Speer*, 781 F.3d at 785.  In both cases, the Court remanded the cases to the district court and ordered the appointment of supplemental counsel to investigate whether the petitioner could establish cause and prejudice to overcome the procedural default of any new IATC claims under *Martinez* and *Trevino*.

Judge Owen, filing a separate concurrence in *Mendoza*, found that the appointment of substitute or supplemental counsel was required by the Supreme

Court's earlier opinions in *Christeson* and *Martel v. Clair*, 132 S. Ct. 1276, 1286 (2012), in which the Supreme Court held that "even in the absence of [§ 3599], a court would have to ensure that the defendant's statutory right to counsel was satisfied throughout the litigation; for instance, the court would have to appoint new counsel if the first lawyer developed a conflict with . . . the client." *Mendoza*, 783 F.3d at 206-07 (Owen, J., concurring).

In *Speer*, the Fifth Circuit found that § 3599 counsel was conflicted "in the sense that every lawyer charged to examine the performance of counsel is conflicted in that task when the performance is his own." *Id.* Because of federal habeas counsel's conflict, the Court acted in the interests of justice and directed the appointment of supplemental counsel "for the sole purpose of determining whether Speer has additional habeas claims that ought to have been brought." *Id.* at 786.

Despite these developments in the law related to a state capital prisoner's right to conflict-free representation in federal habeas proceedings in the post-*Martinez* and *Trevino* world, nothing was brought to the attention of the court regarding the conflict of interest created by the decisions or Mr. Ramirez's right to supplemental or substitute counsel to investigate potentially viable defaulted IATC claims. This Court accordingly did not address the conflict that Mr. Gross was laboring under throughout his representation of Mr. Ramirez, and on June 10, 2015, denied habeas relief. Mr. Gross continued to represent Mr. Ramirez on appeal.

On October 28, 2016, the trial court scheduled Mr. Ramirez's execution for February 2, 2017. On November 19, 2016, Mr. Ramirez sent a letter to Mr. Gross requesting that he remove himself from Mr. Ramirez's case because he was seeking the assistance of pro bono counsel who would not file anything on his behalf while Gross remained his appointed counsel under § 3599. Mr. Ramirez also requested that Mr. Gross not file anything further on his behalf, including a clemency petition. After receiving the letter from Mr. Ramirez, Mr. Gross did not file a motion to withdraw or for the appointment of substitute counsel. *Cf.* 18 U.S.C. § 3599(e). Based on the February 2 execution date, Mr. Ramirez's clemency petition was due to be filed with the Texas Board of Pardons and Paroles by January 12, 2017. Gross, considering himself to lack authority, did not file a clemency petition.

Undersigned counsel began receiving requests from representatives of Mr. Ramirez around December 25, 2016, to assist Mr. Ramirez. Because of undersigned counsel's busy caseload, which included representation of a client with a January 25, 2017 execution date, he did not agree to represent Mr. Ramirez at that time. On January 17, 2017, undersigned counsel secured a modification of that client's execution date. Thereafter, undersigned counsel began looking at Mr. Ramirez's case and has identified Mr. Ramirez's lack of conflict-free counsel during the initial federal habeas proceeding and his *de facto* lack of representation during the final months of his sentence. Accordingly, undersigned agreed to file the instant motion for appointment of counsel to investigate and file a clemency petition on Mr. Ramirez's behalf, and to investigate and potentially litigate any issues arising from

8

the conflict of interest Mr. Gross labored under in light of *Martinez* and *Trevino*, including but not limited to a motion for relief from the judgment.  In addition, undersigned agreed to file the instant motion for a stay of execution in order to give effect to Mr. Ramirez's right to counsel.[2]  *See Battaglia*, 824 F.3d 470, 475 (5th Cir. 2016).

## II.
## MR. RAMIREZ'S CONCURRENTLY FILED MOTION FOR APPOINTMENT OF NEW COUNSEL PURSUANT TO 18 U.S.C. § 3599

Filed concurrently with this motion is a motion for appointment of new counsel pursuant to 18 U.S.C. § 3599.  The motion shows that Mr. Ramirez has been represented by court-appointed federal habeas counsel laboring under a conflict of interest since at least May 28, 2013, when the Supreme Court held, in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), that the equitable exception to procedural default of ineffective-assistance-of-trial-counsel (IATC) claims announced in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies to Texas state litigants.

Mr. Ramirez's court-appointed federal habeas counsel represented Mr. Ramirez in state habeas and was, therefore, conflicted from identifying and litigating claims implicating *Martinez* and *Trevino*, which require argument that state habeas counsel ineffectively defaulted IATC claims.

---

[2] On January 27, 2017, Mr. Gross filed in the state trial court a Motion to Withdraw or Modify Execution Date.  While Mr. Gross filed the motion, he specifically stated that Mr. Ramirez no longer wanted to him as counsel and that he could not represent Mr. Ramirez further because of Mr. Ramirez's wishes and because he is conflicted in light of the *Martinez* and *Trevino* decisions.

When *Trevino* came down, Mr. Ramirez's federal counsel had not yet filed his initial federal habeas petition, yet there is no indication in the record that Mr. Gross ever consulted with Mr. Ramirez about the conflict created by *Trevino*, or obtained a waiver of it. Absent a knowing, voluntary waiver of his right to conflict-free counsel, Mr. Ramirez is entitled to the appointment of substitute or supplemental counsel to investigate grounds for and prepare a Rule 60(b) motion based on a defect in the integrity of his original proceeding resulting from the deprivation of conflict-free counsel.

In addition, on November 19, 2016, Mr. Ramirez asked his federal counsel to remove himself from his case after learning of his execution date and informed counsel that he was seeking to find *pro bono* attorneys to represent him in available remaining proceedings. After receiving this letter, Mr. Gross did not undertake any further representation of his client, including the filing of a clemency application. However, counsel did not file a motion in this court seeking withdrawal, removal and/or replacement, and no withdrawal, removal and/or replacement order ever issued. *See* 18 U.S.C. § 3599(e). *See also Battaglia v. Stephens*, 824 F. 3d 470, 474 (5th Cir. 2016) ("Under § 3599(e), a lawyer appointed to represent a capital defendant is obligated to continue representing his client until a court of competent jurisdiction grants a motion to withdraw."). Thus, while federal counsel continued to represent Mr. Ramirez *de jure*, he ceased representing Mr. Ramirez *de facto*. The result was that Mr. Ramirez's only legally authorized representative at the time did not file a clemency petition for Mr. Ramirez.

Mr. Ramirez has a right, pursuant to 18 U.S.C. § 3599(e), to court-appointed representation on "all available post-conviction process," including "proceedings for executive or other clemency." His concurrently filed motion for appointment of new counsel seeks appointment of a conflict-free representative to preserve his § 3599 rights before the State proceeds with his execution.

### III.
### A Stay of Execution Is Necessary to Give Meaningful Effect to Mr. Ramirez's Federal Statutory Right to Representation

In *McFarland v. Scott*, 512 US 849 (1994), the Supreme Court recognized that Congress's grant of a federal statutory right to representation to indigent, capitally-sentenced prisoners is a grant of meaningful representation. ("[T[he right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims."). *Id.* at 858. Moreover, it would be improper for a federal court to approve an execution where an opportunity for meaningful representation has been afforded. *Id.*

The Fifth Circuit recently recognized and applied this principle in *Battaglia*. Battaglia held that federal courts have the power to grant stays of execution to make a federal habeas petitioner's "right to counsel meaningful," when an applicant has been abandoned under circumstances in which available proceedings for relief remain. 824 F.3d at 475. In *Battaglia*, the petitioner was granted new counsel on the date of his execution in order to investigate the grounds for filing a *Ford* claim in state court. The Court held that "it would be improper to approve [the

petitioner's] execution before his newly appointed counsel has time to develop his *Ford* claim. A stay is needed to make [petitioner's] right to counsel meaningful." *Id.*

Mr. Ramirez's case presents slightly different, but equally compelling, grounds from *Battaglia* for a stay. First, Mr. Ramirez's appointed counsel effectively ceased representation of Mr. Ramirez without first obtaining the requisite order of withdrawal or substitution from this Court. This resulted in Mr. Ramirez having no representation in available clemency proceedings in Texas, and, indeed, the complete forfeiture of clemency at all absent a stay of execution from this Court. Thus, a stay is required to remedy what has culminated into the complete deprivation of Mr. Ramirez's federal representation right for clemency proceedings.

Second, Mr. Ramirez was deprived of conflict-free counsel throughout his initial federal habeas proceeding. Having never been relieved of conflicted counsel, Mr. Ramirez has had no opportunity to date to investigate and identify IATC claims which were never presented to the state or federal courts because of ineffective state habeas representation in conjunction with conflicted federal habeas representation. Should conflict-free counsel discover such claims, he may file a motion for relief from the judgment. *See Clark v. Stephens*, 627 Fed. Appx. 305 (5th Cir. 2015) (unpublished) (holding that it is debatable whether a habeas petitioner whose appointed counsel had a conflict of interest during the proceeding can establish extraordinary circumstances sufficient to warrant relief from the judgment). Mr. Ramirez seeks a stay to make representation in that endeavor meaningful.

## IV.
### THE COURT HAS AUTHORITY TO STAY THE EXECUTION

Mr. Ramirez is seeking meaningful representation to (1) investigate the grounds for filing a motion for relief from judgment based on the lack of conflict-free counsel in his initial habeas proceeding; and (2) to seek clemency relief from the Texas Board of Pardons and Paroles and Governor of Texas.   The Court has jurisdiction to stay Mr. Ramirez's execution under two separate statutory provisions: 28 U.S.C. § 2251(a)(3) and 18 U.S.C. § 3599 itself. Section 2251(a)(3) of Title 28 provides that if a State prisoner sentenced to death applies for appointment of counsel pursuant to section 3599(a)(2) of title 18 in a court that would have jurisdiction to entertain a habeas corpus application regarding that sentence, that court may stay execution of the sentence of death.   Section 3599 of Title 18 provides the right to meaningful representation to Mr. Ramirez.

First, Mr. Ramirez has applied for appointment of counsel contemporaneously with this motion.   Second, he seeks to investigate the grounds for filing a motion for relief from judgment based upon a defect in the integrity of the proceeding related to his appointed counsel's conflict of interest.   This motion will relate to an application for writ of habeas corpus which this Court has jurisdiction to entertain. As such, § 2251(a)(3) empowers the court to stay the execution.   In *Christeson v. Roper*, 135 S. Ct. 891 (2015), the Supreme Court stayed an execution under these precise circumstances.   The petitioner sought new counsel to replace conflicted counsel in order to file a motion for relief from judgment.   Id. at 893.   Thus, jurisdiction to stay execution clearly exists.   *See also Rosales v.*

*Quarterman*, 565 F.3d 308, 311 (5th Cir. 2009) (jurisdiction to enter a stay of execution to give effect to a petitioner's § 3599 right exists if "there is a pending *or potential* habeas corpus proceeding before the court." (emphasis supplied)); *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007) (stay of execution granted on motion for relief from judgment.

Second, and separately, the court may derive power to stay the execution in this case from 18 U.S.C. § 3599 itself.  In *Breitwieser v. KMS Industries, Inc.*, 467 F.2d 1391 (5th Cir. 1972), this Court recognized the principle that "when federal law creates a right there should be a federal remedy."  *Id.* at 1393 (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Mr. Ramirez, because he is an indigent, capitally sentenced prisoner, has a right to meaningful representation in federal habeas corpus and other proceedings, including clemency.  In the absence of a stay of execution, Mr. Ramirez will be deprived of that right.  Thus, a stay is a necessary remedy under the present circumstances, and this Court has the power to fashion that remedy.

## CONCLUSION

For the foregoing reasons, the Court should stay Mr. Ramirez's execution to afford him meaningful representation.

Respectfully submitted,

/s/ Gregory W. Gardner
Gregory W. Gardner
Law Office of Gregory W. Gardner, PLLC
P.O. Box 2366
Boulder, Colorado 80306
T: (303) 507-8984
F: (303) 580-0021
ggardner@gwgardnerlaw.com
Bar No. 2707338

### CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Respondent, Jennifer Wren Morris, about this Motion. The Respondent opposes the Motion.

/s/ Gregory W. Gardner
Gregory W. Gardner

### CERTIFICATE OF SERVICE

I certify that, on this 27th day of January 2017, I filed this Motion with its attachments in this Court's CM/ECF system, which delivered electronic copies to all counsel of record. In addition, I delivered an electronic copy of the Motion and its attachments through email to Assistant Attorney General Jennifer Wren Morris at jennifer.morris@oag.texas.gov. Ms. Morris consented to service through electronic mail.

/s/ Gregory W. Gardner
Gregory W. Gardner