UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN H RAMIREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-410 |
| | § | |
| WILLIAM  STEPHENS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER</u>

On April 17, 2017, this Court appointed attorney Seth Kretzer (Attorney Kretzer) to represent John H. Ramirez (Ramirez), an inmate on Texas's death row.  (D.E. 57).  Ramirez has filed pro se motions and other papers manifesting his desire to have Attorney Kretzer withdraw from representation.  (D.E. 58, 59, 63).  Attorney Kretzer has filed a sealed advisory addressing the concerns raised by Ramirez.  (D.E. 61).   Attorney Kretzer has also filed a motion for the appointment of co-counsel to assist in representing Ramirez.  (D.E. 65).

Federal law entitles indigent capital petitioners to the appointment of counsel, but an inmate has no right to the service of an appointed attorney of his choice.  *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) (stating that it was not "the essential aim of the [Sixth] Amendment . . . to ensure that a defendant will inexorably be represented by the lawyer whom he prefers").  A court may only substitute counsel for capital inmates when in the interests of justice.  *Martel v. Clair*, 565 U.S. 648, 659-60 (2012).  This "context-specific inquiry"

involves several relevant considerations, including: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Id.* The Supreme Court has emphasized that a conflict of interest is also an important consideration in this inquiry. *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015).

Ramirez has expressed his concerns about the lawyer/client relationship and his appointed counsel's ability to represent him zealously. This Court has requested information from Attorney Kretzer. The information before the Court does not suggest that any irreconcilable problems in communication, a conflict of interest, or any other impediment would impair Attorney Kretzer's ability to represent his client competently. The record and pleadings before the Court suggest that the interests of justice do not require the substitution of counsel at this time. The Court **DENIES** Ramirez's pro se requests to substitute counsel.

Attorney Kretzer has asked for the appointment of co-counsel. (D.E. 65). Under federal law, a capital inmate "shall be entitled to the appointment of one or more attorneys." 18 U.S.C. § 3599(a)(2). Attorney Kretzer has informed the Court that Ramirez "has specifically assented to this appointment of Mr. [Greg] Gardner as co-counsel." (D.E. 65). The Court, therefore, **GRANTS** the pending motion and **APPOINTS** the following attorney to represent Ramirez as co-counsel:

**Gregory W. Gardner**
P.O. Box 2366 Boulder, Colorado 80306
T: (303) 507-8984
F: (303) 580-0021
ggardner@gwgardnerlaw.com

Attorney Gardner will be compensated at the maximum rate pursuant to 18 U.S.C.

§ 3599(g)(1). He may submit requests for interim payment for his work. He shall submit

a motion and order for pro hac vice admission within seven days of the date of this order.

ORDERED this 10th day of July, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE