Case 2:12-cv-00410   Document 89-1   Filed on 08/14/20 in TXSD   Page 1 of 10

Filed
8/13/2020 3:18 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CAUSE NO. CR04003453-C

| | | |
|---|---|---|
| **EX PARTE RAMIREZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| | § | **94th JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **NUECES COUNTY, TEXAS** |

## MEMORANDUM IN SUPORT OF AGREED MOTION TO WITHDRAW ORDER OF COURT SETTING A DATE FOR EXECUTION IN DEATH PENALTY CASE

John Henry Ramirez, through undersigned counsel, submits this memorandum in support of his agreed motion to withdraw death warrant and execution date.

### THE STATE SUPREME COURT'S EMERGENCY ORDERS GIVES SUCCOR TO THE JOINT POSITION OF BOTH RAMIREZ AND HIS PROSECUTORS

The Court of Criminal Appeals has plainly communicated to trial courts across Texas that they may – indeed should – defer action on non-essential matters until the civil authorities determine that the ongoing state of emergency may safely be lifted. The State Supreme Court's Twenty-Second Emergency Order dated August 6, 2020[1] states that "in any case, civil or criminal," a trial court may, even over a party's objection, "[m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order," until up to 30 days after

---

[1] Available at: https://www.txcourts.gov/media/1449564/209095.pdf

the Governor lifts the present state of disaster. *Id.* And a court "must" do so if proceeding otherwise would put "court staff, parties, attorneys, jurors, [or] the public" at increased risk.

In the case *sub judice*, neither party objects to the requested relief; to the contrary, the State is ***asking*** for the death warrant to be withdrawn. But even aside from the joint nature of the request, it must be remembered that an execution involves putting people together in a small room for hours. This is precisely the sort of public health risk that the controlling COVID order required this court to countermand.

### TEXAS COURTS HAVE WITHDRAWN DEATH WARRANTS DURING THE PANDEMIC

On April 16, 2020, Judge Jennifer Pena of the 290th Judicial District of Bexar County granted an agreed motion and withdrew her previously entered death warrant in *Texas v. Trevino*; 1997-CR-1717:

> NO. 1997-CR-1717D
>
> | | | |
> |---|---|---|
> | STATE OF TEXAS | § | IN THE DISTRICT COURT |
> | VS. | § | 290th JUDICIAL DISTRICT |
> | CARLOS TREVINO | § | BEXAR COUNTY, TEXAS |
>
> **ORDER WITHDRAWING EXECUTION DATE**
>
> On this date, the above **UNOPPOSED MOTION TO WITHDRAW ORDER OF COURT SETTING A DATE FOR EXECUTION IN DEATH PENALTY CASE DUE TO RESTRICTIONS AND CONCERNS CAUSED BY THE COVID-19/CORONAVIRUS PANDEMIC** was presented to the Court and, having considered same, the Court is of the opinion that the previous warrant of execution issued in this case, setting the Defendant's execution date, be withdrawn and the warrant of execution should be recalled.
>
> **IT IS HEREBY ORDERED** that this Court's previous warrant of execution, setting the Defendant's execution date, be withdrawn and the death warrant is in all things recalled.
>
> **IT IS ALSO ORDERED** that the Bexar County District Clerk's Office issue telephonic communications to Joni White, Assistant Director of Records and Classifications, Texas Department of Criminal Justice, Institutional Division (or other such required personnel of the Texas Department of Criminal Justice, Institutional

> Division), immediately upon signing of this order, that the warrant of execution has been recalled until further order by this Court.
>
> IT IS FINALLY **ORDERED** that, on the date of the signing of this order, the execution date is reset to ___September 30___, 2020. The order setting this date and warrant for execution will be signed concurrently with this order. The Bexar County District Clerk's Office issue correspondence to all parties to comply with Tex. Code Crim. Proc. Art. 43.141.
>
> SIGNED and ENTERED on this the _16th_ day of _April_, 20_20_.
>
> _Jennifer Pena_
> Judge Presiding
> 290th Judicial District Court
> Bexar County, Texas

Judge Pena was not at all walking on *terra incognita*, and this Court should follow the same jurisprudential path.

### DISTRICT COURTS IN TEXAS HAVE WITHDRAWN DEATH WARRANTS FOR YEARS

For many years, District Judges in Texas have exercised their inherent authority to recall death warrants, cancel scheduled executions, and reset dates. A few of many examples are reproduced on the following pages:

3

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE DISTRICT COURT OF |
| VS. | § § | MADISON COUNTY, TEXAS |
| RAPHAEL DEON HOLIDAY | § | 278TH JUDICIAL DISTRICT |

## ORDER WITHDRAWING EXECUTION DATE

This Court previously issued an order setting an execution date of November 18, 2015 for defendant Raphael Deon Holiday. At this time, the Court finds that additional proceedings are necessary on a subsequent application for a writ of habeas corpus under Tex. Code Crim. Proc. art. 11.071, and is of the opinion that the execution date now in force should be withdrawn to permit those proceedings to be filed and adjudicated.

IT IS HEREBY **ORDERED** that this Court's previous order setting the defendant's execution date for November 18, 2015 is withdrawn. The Court further orders the warrant of execution recalled.

IT IS FURTHER **ORDERED** that the Madison County District Clerk's Office notify the Assistant Director for Classification and Records at the Texas Department of Criminal Justice, Correctional Institutions Division immediately by phone at (936) 437-6231 and by facsimile at (936) 437-6276 that the previous order setting a date of execution for defendant Raphael Deon Holiday has been withdrawn and the Warrant of Execution recalled.

Filed This 18th Day of Nov, 20 15 at 2:03 p.m O'clock

R. Sawan, Clerk
12th / 278th Judicial District Court
MADISON COUNTY, TEXAS
Deputy

4

JUL 12 2016
CINDY FOWLER
Dist. Clerk, Medina County, Texas
By_____ Deputy

CAUSE NO. 04-02-9091-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | MEDINA COUNTY, TEXAS |
| | § | |
| RAMIRO FELIX GONZALES | § | 38TH JUDICIAL DISTRICT |

## ORDER WITHDRAWING EXECUTION DATE

On April 6, 2016, this Court set an execution date of August 10, 2016 for the Applicant, RAMIRO FELIX GONZALES TDC # 999513. After considering the applicant's Motion to Withdraw the Order of Court Setting a Date for Execution in Death Penalty Case, this Court is of the opinion that the execution date now in force should be, in all respects, withdrawn, and said warrant of execution be recalled.

IT IS HEREBY **ORDERED** that this Court's previous warrant of execution issued on the 6th day of April, 2016 setting the applicant's execution date for August 10, 2016, be, and the death warrant is in all things recalled, and that the execution date be, and is, withdrawn.

IT IS ALSO **ORDERED** that the Medina County District Clerk's Office issue telephonic communications to Joni White, Assistant Director of Records and Classifications, Texas Department of Criminal Justice, Institutional Division (or other such required personnel of the Texas Department of Criminal Justice, Institutional Division), **immediately** upon signing of this order, that the warrant of execution issued on the 6th day of April, 2016 has now been recalled until further order by this Court.

SIGNED on the 12 day of July 2016.

_____
JUDGE PRESIDING

5

Cause No. 856243

| STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
|---|---|---|
| V. | § | OF |
| PERRY EUGENE WILLIAMS | § | HARRIS COUNTY, TEXAS |

## ORDER WITHDRAWING EXECUTION DATE

On June 26, 2015, this Court set an execution date of September 29, 2015, for defendant Perry Eugene Williams. At this time, this Court is of the opinion that the execution date now in force should be in all respects withdrawn.

IT IS HEREBY **ORDERED** that this Court's previous death warrant setting the defendant's execution date for September 29, 2015, be in all things recalled and that the execution date be withdrawn.

IT IS ALSO **ORDERED** that the Harris County District Clerk's Office issue telephonic communications to the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice immediately upon signing of this order, that the warrant of execution has now been recalled.

Signed this the 1st day of September, 2015.

*David F. Mendoza*

Presiding Judge
178th District Court
Harris County, Texas

**THE CCA HAS STAYED SEVERAL EXECUTIONS DURING THE PANDEMIC: AFTER JOHN HENRY RAMIREZ FILED HIS OWN MOTION IN THE CCA, THE STATE CHANGED ITS POSITION FROM THAT OF OPPOSED, TO *UN*-OPPOSED, AS PART OF A DICKERED BARGAIN**

On March 16, 2020, the CCA granted a stay of execution to John Hummel, whose execution date was two days later. *In Re John William Hummel*, No. WR-81,578-02, 2020 WL 1268970, at *1 (Tex. Crim. App. Mar. 16, 2020) (unpublished) (court "determined that the execution should be stayed at the present time in light of the current [COVID-19 pandemic] health crisis and the enormous resources needed to address that emergency."

On March 19, 2020, the Court granted a motion for a stay in *In Re Tracy Beatty*, No. WR-59,939-04, 2020 WL 1329145, at *1 (Tex. Crim. App. Mar. 19, 2020) (unpublished). The motion was not tethered to any other litigation. Nonetheless, the Court "determined that the execution should be stayed at the present time in light of the current health crisis and the enormous resources needed to address that emergency." *Id.*

John Henry Ramirez filed in the CCA an opposed motion for stay on August 10, 2020. But, on August 11, 2020, the Texas Attorney General and Nueces County District Attorney agreed to withdraw their opposition in exchange for Mr. Ramirez agreeing to non-suit without prejudice his recently filed Section 1983 lawsuit pending in Corpus Christi Division of the Southern District of Texas:  2:20-cv-00205 *Ramirez v. Collier*.  Mr. Ramirez remains ready to honor his side of the bargain once the death warrant against him has been withdrawn or otherwise vacated.

**THIS COURT HAS EXPLICIT STATUTORY AUTHORITY TO WITHDRAW EXECUTION WARRANT**

At the most macro-level of analysis, Texas black letter law is clear that "a court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE ANN 21.001(a).  Furthermore, courts have authority to "control the proceedings so that justice is done." TEX. GOV'T CODE ANN 21.001(b).

Article 43.15 of the Code of Criminal Procedure explicitly authorizes a trial court to enter an order setting a date for an execution. TEX. CODE CRIM. PROC. Ann. art. 43.15 (West 2013). Article 43.141 addresses scheduling of the execution date, and the trial court's authority to withdraw or modify the order of execution. Tex. Code Crim. Proc. Ann. art. 43.141. Article 43.141(d) reads as follows:

> (d) The convicting court may modify or withdraw the order of the court setting a date for execution in a death penalty case if the court determines that additional proceedings are necessary on:
>
>> (1) a subsequent or untimely application for a writ of habeas corpus filed under Article 11.071; or
>>
>> (2) a motion for forensic testing of DNA evidence submitted under Chapter 64.

Notably, subsection (d) authorizes the trial court to modify or withdraw an order setting a date for execution if additional proceedings are necessary. TEX. CODE CRIM. PROC. Ann. art. 43.141 (d) (West 2013).

The question before this Court is made relatively easy to answer by the fact that the State (literally) agrees that "additional proceedings are necessary"; we know this because their bargain impels Ramirez to dismiss his pending Section 1983 suit without prejudice.

## THIS COURT HAS INHERENT AUTHORITY TO WITHDRAW EXECUTION WARRANT

Under the Texas Constitution, district courts are invested with inherent authority to execute their own judgments. *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984). In addition to express grants of power conferred by constitution, statute, or common law, courts have inherent and implied powers that provide a much broader foundation upon which to act. *State v. Patrick*, 86 S.W.3d 592, 601 (Tex. Crim. App. 2002) (Cochran, J., dissenting); *see also* TEX. GOV'T. CODE ANN. § 21.001 (a) (setting out that a court has "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including the authority to issue the writs and orders necessary or proper in aid of its jurisdiction").

Ramirez concedes that there is not a surfeit of reported appellate decisions dealing with the issue of a court's withdrawing a death warrant, but Justices Newell has explained as follows:

> As Judge Cochran observed in her dissenting opinion in *Patrick*, there are essentially two contradictory views of a trial court's authority: whatever is not forbidden is permitted, and whatever is not explicitly authorized is forbidden. *Patrick*, 86 S.W.3d at 601. Because I view the trial court's authority under the former principle, ***I would have held that the trial court properly relied upon its inherent authority by withdrawing its order setting an execution date*** in light of the equitable claims raised in Holiday's motion.

*In re State ex rel. Risinger*, 479 S.W.3d 250, 262 (Tex. Crim. App. 2015) (concurrence) (emphasis added).

## CONCLUSION

Mr. Ramirez requests that this Honorable Court honor the request by both the State and Ramirez, and issue an order withdrawing the order setting Ramirez's execution date and recall the death warrant.

Respectfully submitted,

*/s/ Seth Kretzer*
_____
Seth Kretzer
SBN: 24043764
LAW OFFICES OF SETH KRETZER
440 Louisiana St.; Suite 1440
Houston, TX 77002
(713) 929-2910 (Fax)
(713) 775-3050 (direct)
seth@kretzerfirm.com (email)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above document was served on Douglas Norman, Nueces County District Attorney's Office, on August 13, 2020.

*/s/ Seth Kretzer*
_____

Seth Kretzer